[Civ. No. 13921. Second Dist., Div. Three. Oct. 20, 1943.]

JOSEPH H. GORDON et al., Plaintiffs, v. VOISLAV VUCI-NICH, Appellant; DESANKA KEBELJICH, Respondent.

Marion Vecki and Lester E. Hardy for Appellant.

Lee J. Myers for Respondent.

BISHOP, J. pro tem.—In August of 1939, Vladimir Vucinich, as the guardian of the estate of Voislav, Alexander and Desanka Vucinich, filed his second and final account and report of administration. Some money and some real estate, including lots 6 and 7 of the Sones Resubdivision of Block 8, Range 8, Wilmington, were reported as among the assets of the estate. In due course a hearing was had on the account and on September 18, 1939, an "Order Settling Final Account of Guardian and Distribution" was filed. After the usual preliminary recitals of appearances and the giving of notice, the order continues: "The Court after hearing the evidence settles said Account and orders distribution of said estate as follows:

"It is decreed that notice to creditors has been duly given as required by law.

"It is further decreed that each of said minors is now of full age.

"It is further decreed that the following items alleged to have been paid to Desanka Vucinich, one of said minors, to-wit: June 17, 1938, $40.00, October 3, 1938, $15.00, and December 19, 1938, $20.00, be disallowed.

"The Court finds that Voislav Vucinich has been paid the sum of $1,306.88 in excess of his share of said estate heretofore disbursed by said guardian, and that of said amount there is due and owing by the said Voislav Vucinich to Alexander Vucinich the sum of $550.59, and to Desanka Vucinich the sum of $756.29.

"It is ordered, adjudged and decreed by the Court that, after disallowing said items set forth in the preceeding para-

graph, totaling $75.00, said Guardian has in his possession belonging to said estate, after deducting the credits to which he is entitled, a balance of $24,998.78 of which $998.78 is in cash, and the remainder consists of the property hereinafter described at the value of the appraisement; that there is also in the hands of said Guardian, as an asset of said estate, an obligation due said estate from Bozo Angelich, former Guardian herein, amounting to $13,847.11 with interest at seven per cent upon $8,904.51 from June 1, 1939, and interest at seven per cent upon $4,000, from the third day of December, 1935, that there is also in the hands of said guardian an obligation due to said estate from one Joseph H. Gordon for back rent amounting to $1,022.14; that the said Voislav Vucinich, Alexander Vucinich, and Desanka Vucinich, are each entitled to an undivided one-third interest in and to the assets remaining in the hands of said Guardian, including cash on hand, after the payment of fees as hereinafter provided.

"It is further ordered and adjudged and decreed by the Court that said account be allowed and settled and that said Guardian, out of the residue of cash in his hands pay the following items which are hereby allowed by the Court as fees, to-wit:

"To Joseph McInerney, Attorney for said Guardian, $50.00
To Vladimir Vucinich, Guardian, $500.00
To Lee J. Myers, Attorney for Desanka Vucinich $50.00

"It is further ordered, adjudged and decreed by the Court that the remainder of the said property belonging to said estate including balance of cash on hand be distributed to Voislav Vucinich, Alexander Vucinich, and Desanka Vucinich as follows:

"To Voislav Vucinich a one-third interest thereof;
To Alexander Vucinich a one-third interest thereof;
To Desanka Vucinich a one-third interest thereof.

"The property of said estate hereby distributed so far as the same is known is described as follows:

"REAL ESTATE:

"*Parcel No. 1.*

"Lots 6 and 7, Sones Resubdivision of Block 8,
Range 8, Wilmington, Appraised at......$20,000.00"

The description of some further properties, in which we have no interest, followed.

We need not determine on this appeal whether or not the probate court, in the guardianship proceeding, could have entered a judgment that Desanka recover of Voislav the sum of $756.29, or that Voislav should pay that sum to Desanka. It suffices for our purposes to note that the probate court made no such judgment. It did not even order that the share of the estate to be distributed to Desanka should be increased beyond a third, the increase to be taken from Voislav's third, in order to equalize the unequal distribution theretofore made by the guardian. ▣ Certainly the mere finding that A owes B money is not a judgment in B's favor, particularly where it is followed by a formal judgment which takes no account of the debt.

▣ Sometime after the order of distribution was entered an "abstract of judgment" was made by a deputy county clerk in which it was certified that in the guardianship matter "on the 18th day of September, 1939, Judgment was entered in favor of . . . Desanka Vucinich and against Voislav Vucinich for the sum of $756.29." No such judgment had been rendered and the clerk's certificate did not operate to create a judgment where none had been. The filing of the abstract, therefore, created a cloud, but no lien, upon Voislav's one-third interest in lots 6 and 7.

▣ Desanka transferred to John H. Gordon and Katie A. Gordon, her one-third interest in lots 6 and 7, and they brought the action under review for a partition of the two lots. As the property was in use as a service station, that which was really sought was an order for the sale of the property and a division of the proceeds. Voislav and Alexander were made parties defendant because they were tenants in common with the plaintiffs, and Desanka was added because she claimed some interest or estate in the property. After demurrers had been sustained to Desanka's answer and cross-complaint, and to an amended answer and cross-complaint, the abstract of judgment already referred to was recorded, and Desanka filed her second amended answer and cross-complaint, in which she alleged that she had recovered a judgment against Voislav on the 18th of September, 1939, and that an abstract of the judgment had been recorded. Voislav denied the existence of any judgment against him.

At the trial no evidence of a judgment other than the order in the guardianship matter was claimed to exist. The trial court made no finding that a judgment had been recov-

ered by Desanka, but by recitals made it is clear that it intended to so find. In any event, the judgment which was entered provided for a sale of lots 6 and 7 and that the balance of the proceeds remaining after certain deductions should be distributed one-third to the plaintiffs and one-third each to Alexander and Vosslav [sic]. Then this paragraph appears: "That from the money payable to Voislav Vucinich there shall be impounded sufficient money to satisfy in full the claim of Desanka Kebeljich, formerly Desanka Vucinich, amounting to $756.29, with interest from September 15, 1939, at 7% per annum, in the event such claim shall be upheld in the Final Judgment on Appeal in this action."

Voislav has appealed from that portion of the judgment which we have quoted. Because Desanka had no lien on Voislav's interest, having had no judgment against him, that portion of the judgment appealed from was erroneous, and it is reversed.

Desmond, P. J., and Wood (Parker), J., concurred.