[Civ. No. 17153.   First Dist., Div. Two.   Oct. 18, 1957.]

DOROTHY D. TALIAFERRO, Respondent, v. EUGENE A. TALIAFERRO, Appellant.

Eugene A. Taliaferro in pro. per., and Hartley Fleischmann for Appellant.

Masterson & Edwards and Masterson, Bernheim & Sugarman for Respondent.

DRAPER, J.—This action is one of a series arising from the property settlement agreement executed by the parties in 1943. In 1949 an action was filed by plaintiff, the former wife, for amounts alleged to have accrued to her under this agreement. Defendant, the former husband, cross-complained for declaratory relief and for the amount of alleged overpayments and other amounts alleged to be due him. The action was fully tried. The court determined that the agreement, as later modified by the parties, required payment of $275 per month, to be reduced by $75 per month during periods when the daughter who had not yet reached majority should not be with the mother. The judgment fixed the amounts due to plaintiff, allowed certain offsets to defendants, and awarded the net difference to plaintiff. This judgment determined the obligations of the parties as of September 30, 1952. Defendant appealed and the judgment was affirmed. (*Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 [270 P.2d 1036].)

The complaint in the present action is for amounts claimed to have accrued since that determination. Defendant filed an "Answer, Counterclaim and Cross-complaint." The answer admits execution of the property settlement agreement, but denies that anything is due under it, and pleads nine "special defenses," all of which are claims against plaintiff by way of offset. The "counterclaim" sets up four claims against plaintiff, each for an amount in excess of her claim. The "cross-complaint" alleges 10 claims, four of which duplicate the four "counterclaims." The remaining six seek a declaration of the rights and duties of the parties under the property settlement agreement, and recovery of allegedly excessive payments made thereunder by defendant.

Without filing an answer to the "cross-complaint," plaintiff moved for summary judgment. This motion was granted as to all but two of the issues raised by defendant's pleading. As to these two issues, the case was later tried. Judgment was for plaintiff, and defendant appeals

498

The principal question presented is whether the motion for summary judgment was properly filed in the absence of an answer to the "cross-complaint." The 1957 amendment to section 437c, Code of Civil Procedure (Stats. 1957, ch. 1457), did not become effective until the day following oral argument of this appeal. It is apparent that the section as it stood before this amendment governs here. That section provided for motion for summary judgment in an action only "when an answer is filed." Respondent suggests that this requires only an answer to the complaint, and not to a cross-complaint. ■ In view of the established rule that the function of the summary judgment procedure is issue finding, rather than issue determination (*Walsh* v. *Walsh,* 18 Cal.2d 439 [116 P.2d 62]), it would appear that the statute contemplated that the case should be at issue as to both cross-complaint and complaint as a condition precedent to motion by plaintiff for summary judgment. We do not determine this question, since it apparently will not arise under the 1957 amendment. We assume, for purposes of this opinion only, that answer to a true cross-complaint is such a condition precedent.

The question then becomes whether the "cross-complaint" here was such in law. ■ A cross-complaint requires an answer. (Code Civ. Proc., § 442.) ■ A counterclaim requires no answer, and its allegations are deemed controverted without further pleading. (Code Civ. Proc, § 462.)

■ Under the California statutes, there is a broad area in which there is no true distinction between a cross-complaint and a counterclaim. The cross-complaint affords a broader remedy only in the sense that it may be used to bring new parties into the action, (Code Civ. Proc., § 442) whereas the counterclaim must "exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." (Code Civ. Proc., § 438). ■ While the counterclaim "must tend to diminish or defeat the plaintiff's recovery" (Code Civ. Proc., § 438), the code specifically authorizes recovery of an affirmative judgment by defendant where his counterclaim exceeds plaintiff's demand. (Code Civ. Proc., § 666.) A cross-complaint may be filed only when the affirmative relief sought by defendant constitutes a claim "relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought." (Code Civ. Proc., § 442.) Since 1927, there has been no comparable limitation upon the counter-

claim, which merely need tend to diminish or defeat plaintiff's recovery. (Code Civ. Proc., § 438.) ■ Where, as in the case at bar, defendant's claim is based upon the very transaction sued on by plaintiff, tends to defeat plaintiff's claim, and involves only the original parties, defendant's claim may be deemed either a cross-complaint or a counterclaim. (3 Stan.L.Rev. 99; 2 Witkin, California Procedure, § 571.) This situation has caused much confusion, which the case law has attempted, with only moderate success, to clear. ■ The true nature of the pleading will be determined from its allegations, regardless of its designation by the pleader as cross-complaint or counterclaim. (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428, 434 [292 P. 474], and see cases collected in 2 Witkin, California Procedure § 570.) ■ Where the allegations show that the pleading may be either a cross-complaint or a counterclaim, it will be deemed to fall within the classification best designed to reach the most desirable result in the particular case. (2 Witkin, California Procedure, p. 1576.) In general, the pleading will not be treated as requiring an answer, thus avoiding default (see cases collected at 3 Stan.L.Rev. 101). (It should be noted that a different rule appears to be applied when a party relies upon Code Civ. Proc., § 439, to bar an action on the ground that it should have been pleaded as a counterclaim in an earlier action.)

■ Here defendant's pleading meets all the requirements of a counterclaim. On this appeal, defendant-appellant asserts error in vacation of a default entered for failure to answer his "cross-complaint," and seeks a determination that respondent is in default. On the whole record, we are satisfied that the interests of justice will best be served, and the precedents more closely followed, by treating defendant's "counterclaim and cross-complaint" as a counterclaim, which does not require answer. It follows that the summary judgment procedure was timely, and need not have awaited filing of an answer to appellant's pleading.

■ As previously indicated, respondent's default for failure to answer the pleading of appellant was entered by the clerk. This default was vacated by court order, upon the ground that the default was entered "by clerical mistake." Appellant asserts error in this order. As pointed out above, appellant's pleading is to be deemed a counterclaim. Thus no answer was required, the entry of default was a clerical error, and the order vacating the default was proper.

Appellant next complains that the partial granting of the motion for summary judgment is not supported by that motion and its supporting affidavits. But neither motion nor affidavit is included in the record here. After the filing of respondent's brief here, appellant moved to augment the record by these documents. Affidavits were filed upon this motion, from which it appeared that before any briefs were filed respondent had offered to stipulate to such augmentation of the record, but the offered stipulation was refused by appellant. Appellant's opening brief and respondent's brief were then filed, and it was only thereafter that appellant sought augmentation. Respondent contended that granting of appellant's motion at that late date would amount to changing the appeal to a new and different one from that which had been briefed by both parties. The motion to augment was denied, and hearing thereon denied by the Supreme Court. Thus the record before us does not support appellant's contention, and it must be rejected. (*Wynecoop* v. *Coats,* 51 Cal.App.2d 672 [125 P.2d 609].)

Appellant also argues that the trial court based its ruling on the motion for summary judgment upon the doctrine of res judicata which, he says, was not properly raised. It nowhere appears that the ruling was based upon this doctrine. Furthermore, the complaint alleges and the answer admits that in action Number 46893 (the same case decided on appeal in *Taliaferro* v. *Taliaferro, supra,* 125 Cal.App.2d 419) respondent had judgment for all sums due to September 30, 1952. The decision on appeal in that case shows that an accounting was had between the parties. At least as to appellant's present claims under the property settlement agreement, it seems clear that he is barred by the doctrine of res judicata. In the absence of the affidavits upon the motion for summary judgment, we cannot assume that they did not refer to the prior adjudication. No error is shown.

The case was tried as to the two issues not disposed of on the motion for summary judgment. At conclusion of that trial, the court found that "all of the allegations of the Answer, Counterclaim and Cross-complaint" are untrue. Appellant asserts that this finding is too broad, since evidence was received only as to the two issues. However, the summary judgment statute specifically provides that, where motion for summary judgment is granted only as to part of the issues, judgment shall not be entered until termination of the action, and that the judgment then entered shall include the award

made after trial as well as that required by the partial granting of summary judgment. (Code Civ. Proc., § 437c.) Here it is apparent that the court attempted compliance with this section. If the finding complained of is too broad, its inclusion is merely superfluous, and not prejudicial. The judgment, including the award made after trial as well as that made on motion, is in strict accordance with the statute.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied November 15, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.