[Civ. No. 18611.   First Dist., Div. Two.   Feb. 18, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. DOROTHY D. TALIAFERRO, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

PAULSEN, J. pro tem.*—Appeal from a judgment entered after the court sustained a general demurrer to the second amended complaint without leave to amend.

This case is another incident in the lengthy battle between these parties and is a companion to *Taliaferro* v. *Taliaferro, ante,* p. 140 [2 Cal.Rptr. 716], just decided, which gives a more detailed history of the struggle than will be recounted here.

The complaint is in three counts. It is alleged:

"I

"That defendant is indebted to plaintiff upon a written instrument.

*Assigned by Chairman of Judicial Council.

"II

"That said written instrument is in words and figures as follows: 'that there was therefore due and owing from plaintiff to defendant by reason of said provisions Seventh of said written agreement the sum of $275 per month for the period commencing January 1st, 1947, and ending January 1st, 1950.'

"III

"That the foregoing written instrument is a part of the findings in the case of *Taliaferro* v. *Taliaferro,* Contra Costa County Superior action number 46893 and that plaintiff Eugene A. Taliaferro herein was the defendant in said action No. 46893 and as such was the defendant named in the foregoing finding."

In paragraph IV, it is alleged that the finding was approved by the trial judge and was thereafter approved by this court and the Supreme Court on appeal. (*Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 [270 P.2d 1036].)

It is then alleged that "under the terms and provisions of said finding set forth hereinabove the defendant Dorothy D. Taliaferro . . . was and is indebted to plaintiff in the sum of $9,900 no part of which has been paid . . ."

Count 2 is a common count for the same amount, and is based on the finding set forth in the first count.

Count 3 incorporates the allegations of count 1 and then alleges "That said findings have never been given effect by any rendition of judgment in accordance therewith and pursuant thereto as required by law."

The finding quoted in the complaint did not create an enforceable obligation. ▆ A finding is the decision of the court on issues of fact. The purpose is to answer questions raised by the pleadings. It is in the nature of a special verdict designed to make the case easily reviewable by disclosing the exact grounds on which the judgment rests. (48 Cal.Jur.2d, Trial, § 279.)

▆ A finding " 'do[es] not have the force and effect of an adjudication where the subject matter is not disposed of by the judgment. The force of an adjudication rests on the judgment. . . .' " (*Estate of Buckhantz,* 159 Cal.App.2d 635 at p. 647 [324 P.2d 317]. See also *Gordon* v. *Vucinich,* 61 Cal.App.2d 78 [142 P.2d 71].)

As noted in the companion case decided today, this court is not precluded under the circumstances of this litigation and in the interests of justice from taking notice of closely

related proceedings that preceded this case. Moreover, the complaint contains many references to the proceedings in the case where the finding was made and which ended with the decision of this court reported as *Taliaferro* v. *Taliaferro*, 125 Cal.App.2d 419, *supra*.

That action was prosecuted by respondent against the appellant to recover money due under a property settlement agreement executed after the filing of a divorce action. Appellant defended on the ground that the agreement had been merged in the judgment and claimed certain offsets against the amount demanded. He filed no counterclaim or cross-complaint that could possibly have resulted in an intentional finding of the kind shown. That the finding resulted from a transposition of the words *plaintiff* and *defendant* is evident from a reading of the findings as a whole. Eleven lines below the finding now relied upon, the parties' names appear in the only order that could result from the pleadings and in the proper manner to support the judgment that was rendered against appellant and for the respondent. It is equally evident that appellant knew that the names had been transposed as the result of a clerical error. He made no direct attack on the finding by motion to vacate the judgment pursuant to Code of Civil Procedure, section 663. The question was not raised on his appeal from the judgment which has long since become final.

The judgment is affirmed and pursuant to rule 26(a), Rules on Appeal and section 957 of the Code of Civil Procedure, the sum of $150 is assessed against the appellant and added to the costs as a penalty for the taking of a frivolous appeal.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied March 18, 1960.