[Civ. No. 18609. First Dist., Div. Two. Feb. 18, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. DOROTHY D. TALIAFERRO, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

PAULSEN, J. pro tem.*—This is an appeal from a judgment entered after the sustaining of a demurrer to a second amended complaint without leave to amend.

The present action is another in a series growing out of a divorce action (No. 29810 in the Superior Court of Contra Costa County) filed September 7, 1943, and a property settlement agreement made December 1, 1943. The property settlement agreement will be referred to hereafter as the agreement.

The amended complaint is in two counts which refer to three cases that preceded this case in the series, but the references are so worded as to make the pleading almost unintelligible without recourse to the records in those cases.

Normally, a court is precluded from taking judicial notice of related prior proceedings in the same case, but the rule is not without exceptions. A failure to do so when justice and the equities of the case require it would be inconsistent

*Assigned by Chairman of Judicial Council.

with practical and efficient methods of administration. (*Watson* v. *Los Altos School Dist.*, 149 Cal.App.2d 768 [308 P.2d 872].) The present case demonstrates the need for such exceptions to the general rule and in order to understand the problems involved here it is necessary to consider certain related cases, all of which were tried in the Superior Court of Contra Costa County and were appealed to this court.

The agreement of December 1, 1943, was "approved and made a part of" both divorce decrees. The interlocutory decree was entered January 3, 1944. The final decree was entered January 10, 1945.

The agreement provided for division of certain community property, the principal part of it being left under the control of the husband.

Paragraph VII of the agreement which has given rise to all the related litigation between these parties reads as follows:

"The husband agrees to pay the wife the sum of Three Hundred and Fifty Dollars ($350.00) per month for the support of herself and the two minor children of the parties beginning on the 1st day of December, 1943, and continuing in monthly installments on said 1st day of each and every month thereafter."

On April 1, 1947, the eldest daughter of the parties married and her mother acquiesced in a $75 per month reduction in the payments. Mrs. Taliaferro remarried April 18, 1947, and, except for certain items which do not concern us here, appellant made no payments under paragraph VII of the agreement after May, 1948.

In view of the two marriages and on the theory that paragraph VII provided for the payment of support and alimony, appellant moved for a modification of the decrees by striking said paragraph therefrom. The motion was granted, but in September, 1949, was vacated on motion of appellant's former wife, the court having determined that the agreement "was not merged in the interlocutory and final decrees of divorce . . . and that this court therefore is without jurisdiction to make an order modifying the terms." There was no appeal from the order vacating the order of modification.

On September 29, 1949, respondent herein filed an action (No. 46893 in the Superior Court) to recover the arrearages in payments due under the agreement. Appellant answered claiming that his obligation to continue support payments to his wife terminated upon her remarriage. He denied the amount of the alleged indebtedness and filed a cross-complaint

asking for declaration of his rights and duties under the agreement.

After an extended hearing and full exploration of the facts, the trial court rendered judgment in favor of respondent and against appellant for the sum of $5,862.29. An appeal from said judgment was taken to this court and therein appellant argued that the agreement had been merged in the decrees and that paragraph VII was a provision for payment of alimony. (*Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 [270 P.2d 1036].) Referring to these points, this court said at page 425 of said decision:

"Because of the decision of the Superior Court of Contra Costa County in case No. 29810, holding that the property settlement agreement was not merged in the interlocutory or final decrees of divorce and therefore said court was without jurisdiction to modify the terms of the property settlement agreement, it is res judicata that there is no power in the court to modify the support provision."

This court further pointed out that the fact of incorporation alone would not prove that paragraph VII was an alimony provision and not a division of property. The court further observed that "Appellant has by his cross-complaint sought declaratory relief, that is, a determination by the court as to what his rights and duties are under the terms of the property settlement agreement. He did not ask reformation of the contract. He did not claim that the contract mistakenly expressed an intent different than that agreed upon. He did not attack the validity of it in any way, but simply asked for a declaration of rights and duties thereunder, alleging that he is not now obligated and for a long time past had not been obligated to pay plaintiff anything under paragraph VII of the agreement by reason of her remarriage and the changed circumstances of the children, that the amounts provided in that paragraph were by way of alimony and maintenance while plaintiff remained unmarried and were not by way of settlement of community or other property rights between the parties." The judgment was affirmed. A rehearing was denied June 23, 1954, and a petition for a hearing in the Supreme Court was denied July 21, 1954. The action thus terminated, fixed the rights of the parties and determined finally the amount due under the agreement as of September 30, 1952.

In 1954, respondent commenced action Number R-3205 in the superior court to recover the amounts that had accrued

since September 30, 1952, and judgment was rendered in her favor. An appeal was taken therefrom to this court. (*Taliaferro* v. *Taliaferro,* 154 Cal.App.2d 495 [316 P.2d 393].) The judgment was affirmed. This court denied a rehearing on November 15, 1957, and the Supreme Court denied a hearing December 11, 1957.

Notwithstanding the foregoing record, appellant thereafter commenced the present action which depends basically on the same contentions as those already decided against him. In the first count of his complaint, he alleges the bringing of action Number 46893 by respondent and her recovery thereunder. The second count includes the same allegations concerning action Number R-3205. Payment of the sums involved therein together with interest, and costs, is next alleged. It is then alleged "that at the time of the filing of the action . . . said . . . Dorothy D. Taliaferro concealed from the court the fact that the contract sued upon had been incorporated in the interlocutory and final decrees previously entered in the action . . . all of which constituted a fraud upon the court."

A general demurrer to both causes of action was sustained. After the second amended complaint was filed, such demurrer was sustained without leave to amend. The record does not include copies of the original and first amended complaint, but it appears from the order of the trial court that no significant changes were made by amendment.

Appellant argues that the judgments in actions 46893 and R-3205 were void for lack of jurisdiction and that the second amended complaint stated a cause of action because of the allegations of concealment and fraud. In support of these contentions, he cites numerous cases which are not in point and need not be considered, but neglects to refer to the related cases in this series which demonstrate that his appeal is frivolous and not made in good faith.

It is apparent from a consideration of the records and the related proceedings that every question raised on this appeal is without merit.

However, the trial court based its decision solely on the record before it and concluded that as no question of extrinsic fraud was involved the judgments could not be attacked collaterally. Viewing the question of lack of jurisdiction from the record alone, it appears that both actions were brought in courts of competent jurisdiction, that judgments had been entered in each action from which it could be assumed that the court had made preliminary determina-

tions of jurisdiction and even if incorrect they were errors that involved no extrinsic fraud and could be reviewed only by direct appeal; and, further, that such determinations were res judicata and not subject to collateral attack. (*Chicot County Drainage Dist.* v. *Baxter State Bank,* 308 U.S. 371 [60 S.Ct. 317, 84 L.Ed. 329] ; *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36] ; *Westphal* v. *Westphal,* 20 Cal.2d 393 [126 P.2d 105] ; *In re Eichhoff,* 101 Cal. 600 [36 P. 11].)

 It is also apparent from the complaint itself that both actions were based upon the contract; that questions of merger and alimony were matters of defense and that the plaintiff was under no obligation to anticipate such defenses. Where a party has an obligation to present his case in court, his failure to do so is his own responsibility and not that of his opponent. (*Estate of Bialy,* 169 Cal.App.2d 479 [337 P.2d 511].)

The situation here and in *Howarth* v. *Howarth,* 146 Cal.App.2d 694 [304 P.2d 147], and *Stafford* v. *Russell,* 128 Cal.App.2d 794 [276 P.2d 41], are almost identical. We may say here as did the court in the latter case: ''The history of this litigation is a tribute to the unreasoning persistence of appellant.'' The respondent has been needlessly harassed and the courts unduly burdened by repeated attempts to relitigate matters that have long since been finally determined. Even if it can be assumed that appellant conscientiously believes that he has been aggrieved, this continued misuse of the courts should not be condoned.

The judgment is affirmed and pursuant to rule 26 (a), Rules on Appeal, and section 957 of the Code of Civil Procedure, the sum of $150 is assessed against the appellant as a penalty and added to the costs for the taking of a frivolous appeal.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied March 18, 1960.