[Civ. Nos. 18641, 18642.   First Dist., Div. Two.   Apr. 18, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. DOROTHY D. TALIAFERRO, Respondent.

[Two Cases.]

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

GOOD, J. pro tem.*—Separate appeals were filed by appellant from a single judgment entered in the Contra Costa County Superior Court on June 18, 1958, after consolidation and trial without a jury of three actions for declaratory relief. An appeal from one judgment (No. 18643 herein) was dismissed at appellant's request. The complaints in each action sought declaratory relief by way of separate adjudication of the rights and obligations of appellant husband and respondent wife under various provisions of a property settlement executed by the parties prior to their 1943 divorce. The contract has been the subject of much litigation and pertinent contractual provisions and factual background will be found in the statements of fact contained in decisions of this court reported in 125 Cal.App.2d 419 [270 P.2d 1036], 154 Cal.App.2d 495 [316 P.2d 393] and decision 18609 of February 18, 1960, 178

---

*Assigned by Chairman of Judicial Council.

Cal.App.2d 140 [2 Cal.Rptr. 716]. Repetition thereof will serve no purpose but the two paragraphs Fifth† and Seventh‡ so far as pertinent to the present appeals are quoted below.

Appeal Number 18641 involves a complaint filed January 16, 1958 (Sup. Ct. No. R5655) that incorporates the 1943 agreement and alleges a dispute arising out of paragraph Fifth. In brief, it seeks adjudication of whether a sale of all or any portion of the business assets without a sale of the real property or a sale of any substantial portion of either personalty or realty (Par. IV, Complaint) or a cessation of appellant's management or operation of said business by reason of financial loss or "for any reason whatsoever" (Par. Fifth, *ibid.*) would entitle respondent wife to payment of the agreed value of her interest in the business. Respondent's answer, filed May 5, 1958, alleges that another action is pending "between the parties hereto involving the same subject as this action" with specific reference to Contra Costa Superior Court case Number R2346 (now pending appeal No. 19151 herein). The trial court found that the disputes alleged in this complaint "are the same matters pending in Action No. 2346 . . ., which action has proceeded to trial and is under submission, and because of the pendency of that action it is not proper or necessary to render declaratory relief in this action." Case Number 2346 had theretofore been submitted to Judge Coakley, assigned to the Contra Costa County Court by the Judicial Council, and had not been decided. Judgment was entered accordingly.

Appeal Number 18642 involves a complaint filed February 26, 1958 (Sup. Ct. No. R5744) that also incorporates the 1943 agreement and alleges that a dispute exists between the parties as to whether the monthly payments under paragraph Seventh should have terminated because of the marriage or majority of the two children of the parties, both events having occurred by January 1, 1954. The complaint also alleges that the wife, by "coercion, duress and compulsion and as a result of a mis-

†Paragraph Fifth: "(1) . . . It is hereby agreed that the value of said business and the premises upon which it is located is Twenty Thousand Dollars ($20,000.00) and in the event of the sale of said business the wife shall receive the sum of Ten Thousand Dollars ($10,000.00) as and for her interest therein and share thereof."

‡Paragraph Seventh: "The husband agrees to pay the wife the sum of Three Hundred and Fifty Dollars ($350.00) per month for the support of herself and the two minor children of the parties beginning on the 1st day of December, 1943, and continuing in monthly installments on said 1st day of each and every month thereafter."

take of law, a mistake of fact and a mistake of fact and law'' had forced plaintiff to continue payments beyond said dates and has threatened to enforce said payments into the indefinite future in the amount of an agreed reduction to $200 per month. (*Cf.* 125 Cal.App.2d 419 at pp. 430-431 [270 P.2d 1036].) The wife's answer, likewise filed May 5, 1958, denied that the payments were to terminate upon the emancipation of the children, denied coercion and affirmatively alleged that payments had been made pursuant to judgments in the original divorce and in subsequent actions Number 46893 (subject of 125 Cal.App.2d 419 [270 P.2d 1036]) and Number R3205 (subject of 154 Cal.App.2d 495 [316 P.2d 393]). Specific portions of the previous judgments were quoted to sustain her admitted claim that these monthly payments were to continue during her life. The trial court found ''that the meaning of said paragraph Seventh has already been adjudicated by and between the parties hereto in the actions pending in the above-entitled Court numbered 29810, 46893 and R3205 and that, therefore, it is not necessary or proper to render declaratory relief in this action.'' Judgment was entered accordingly.

The trial judge attached to his memorandum opinion therein his opinion denying the motion to modify the divorce decree. In this connection, appellant had also filed a motion in the original divorce action to modify the decree by striking therefrom payments under said paragraph Seventh. This motion was calendared for May 5, 1958, along with respondent's motions to set aside defaults entered in the two cases subject to review herein.

On that date motions for summary judgment were filed by appellant in each case with supporting affidavits, the notices indicating May 5 as the date of hearings thereof. No counter affidavits were filed by respondent. It should be noted that appellant had retained counsel for the purpose of presenting the motion for modification only but had neglected to inform counsel of the pendency of case R5744. At the time the matters were called, the judge recited a pretrial order consolidating the three cases and reciting that ''The parties agreed that the pretrial conference be held at this time, without notice, and they further agreed that the action be set down for trial and be heard at this time.'' No protest or exception was made by appellant. However, when the judge proceeded to summarily deny appellant's motions for summary judgment, appellant then stated, ''I would like to state *again* that I am

not prepared to go ahead on two of these actions on declaratory relief . . . I expected the morning to be consumed in a motion in Case 29810, which was modifying the contract." (Emphasis supplied.) The judge nevertheless ordered the hearings and trial to proceed.

In Appeal Number 18641 plaintiff contends that the court erred in denying his motion for summary judgment because of respondent's failure to file a counter affidavit. ▉▉ But the failure of a party to file a counter affidavit does not of itself entitle the moving party to summary judgment. (*Wuelzer* v. *City of Oakland*, 170 Cal.App.2d 337, 340-341 [338 P.2d 912]; *Southern Pacific Co.* v. *Fish*, 166 Cal.App.2d 353, 365 [333 P.2d 133].) A reading of the supporting affidavit discloses that the same subject matter alleged to be the basis of dispute between the parties was directly involved in the issues raised by the respondent's complaint in case Number 2346 wherein she sought declaratory relief as to paragraph Fifth and alleged (a) that a sale of all of the business assets had been made; (b) that cessation of active operation of the business had occurred; (c) that she was consequently entitled to payment of the agreed value of her share of the business; and (d) that the appellant contended that such entitlement would not occur until both personal and real property pertaining to said business had been sold. Although the clerk's file Number 2346 was not marked in evidence, the reporter's transcript of the judge's remarks indicates that he had read the pleadings. ▉ Be that as it may, under the rule enunciated in *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140 [2 Cal.Rptr. 716] (No. 18609), the proceedings in action Number 2346 were properly subject to judicial notice under the peculiar circumstances of these cases. ▉ A dispute that is the subject of another action pending between the same parties and arising out of the subject matter may not be the subject of an independent action for declaratory relief because the controversy will have been rendered moot by judgment in the former action. (*Leach* v. *Leach*, 172 Cal.App.2d 330 [341 P.2d 758]; *Marden* v. *Bailard*, 124 Cal.App.2d 458 [268 P.2d 809]; *Merkley* v. *Merkley*, 12 Cal.2d 543 [86 P.2d 89].) Under the circumstances disclosed by the record there is no error in either the order denying appellant's motion for summary judgment or the final judgment after trial.

▉ In Appeal Number 18642 plaintiff contends that the court erred in denying declaratory relief in view of plaintiff's

evidence and also that there is no evidence to support the finding that actions Numbers 29810, 46893 and R3205 were res adjudicata. His argument is that those actions involved only payments accrued to the dates of filing. The decision reported in 125 Cal.App.2d 419 [270 P.2d 1036], is clearly to the contrary and reflects a valid and final judgment in an action wherein declaratory relief was sought by appellant determining the rights and obligations of the parties under paragraph Seventh subject only to the voluntary reduction of the monthly payments from $350 to $200 per month. The judgment therein is a final determination that such payments were not alimony or child support but an integral part of a contract settling property rights between husband and wife and therefore not subject to modification by the courts. The evidence offered by appellant in the present case even if it tended to prove otherwise would not vest jurisdiction in the trial court to vacate, reverse or otherwise set aside the previous final judgments.

Serious question of appellant's good faith in prosecuting these appeals or, indeed, even in filing the actions originally, arises out of the following circumstances disclosed by the record: First, after commencing action Number R5744 seeking termination of the monthly payments under paragraph Seventh, by reason of the emancipation of the two children, he instituted the separate proceeding in the original divorce action to modify the decree by like termination upon identical grounds, retaining special counsel therefor. His failure to inform counsel of the pendency of the former action compels the inference that he recognized the identical nature of the two proceedings. Second, the pattern of fragmentation of the property settlement agreement and judgments thereon into separate paragraphs or even clauses of paragraphs and the postulation of a narrowly specialized incident or situation arising under the general contractual relationship in order to file separate and necessarily fragmentary and multiple actions thereunder, thus achieving a kind of legalistic parthenogenesis, cannot be reconciled with an honest intention to acknowledge the finality of an adverse result of any litigation arising out of the contract. In this light penalty for frivolous appeal is strongly indicated under rule 26 in both appeals.

However, appellant also contends that the court committed prejudicial error in trying this action on May 5, 1958 in that no notice of time and place of trial was on file, no pretrial conference had been held and no stipulation was made by him

waiving these matters or consenting to the trials at the time and place. The reporter's transcript shows that at 11:05 a. m. on the morning of the consolidated trial, the judge commenced the proceedings by reciting an oral pretrial order wherein the consolidation was ordered and stating the agreement as to consolidation, pretrial and trial. The recitation of the pretrial order coupled with appellant's reference to a preceding discussion between court and counsel, above noted, compel the inference that a conference was had before the convening of court in which the parties agreed to the consolidation and trial of the actions on that date. Otherwise, the order and subsequent denial of continuance would appear to be arbitrary and captious and to constitute an abuse of discretion. However, such action on the part of a trial judge may be assumed by an appellate court only when the record clearly discloses that to be the case. ■ As was said in *Meyer* v. *State Board of Equalization,* 42 Cal.2d 376 at page 387 [267 P.2d 257], "An abuse of discretion by a trial judge in making procedural rulings will never be presumed, but must appear affirmatively from the record." Appellant's first exception to proceeding with the trials appears to be based upon his belief that his motions would occupy the morning session of court. His statement carries an implication that he could be ready to proceed by the afternoon session. The trial and hearings did proceed into the afternoon without further protest or showing of inability to produce evidence or witnesses. ■ Because he was present and participated in the trial, under the rule of *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328 [144 P.2d 665], in the absence of showing of prejudice, appellant must be held to have waived the procedural requirements.

Though we cannot agree with his contentions, the record in its procedural aspects is such that we concede appellant's good faith, as a layman appearing in propria persona, in prosecuting the appeals and therefore refrain from imposing penalties that would otherwise be strongly indicated in their substantive aspects.

The judgments are affirmed.

Kaufman, P. J., and Draper, J., concurred.