[Civ. No. 18649.   First Dist., Div. Two.   Apr. 19, 1960.]

DOROTHY D. TALIAFERRO, Respondent, v. EUGENE A. TALIAFERRO, Appellant.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

KAUFMAN, P. J.—Eugene A. Taliaferro appeals from an order denying his motion for modification of the final decree rendered in the divorce action between the parties (No. 29810), filed in the Superior Court of Contra Costa County on September 7, 1943. The motion was denied on June 18, 1958, by the Superior Court of Contra Costa County on its merits as well as for the reason that the matters and issues tendered by the motion had already been adjudicated. By his motion made on February 24, 1958, appellant sought to strike paragraph Seven from the decree on the ground that it contained a provision for alimony which terminated on the remarriage of the respondent and the emancipation of the children. On appeal, it is argued that the motion should have been granted because: (1) The order of September 16, 1949, vacating the modification order of June 22, 1949, was void as a collateral attack on a final judgment; (2) The order of June 22, 1949, modifying the decree of divorce was a final judgment which could not be attacked collaterally; (3) The complaint in actions Nos. 46893 and R-3205 did not state a cause of action and the judgments in those actions were void for lack of jurisdiction.

This action is another in the series growing out of the divorce action between the parties. ■■ Justice and the equities of the case require us here to take judicial notice of the prior proceedings. (*Taliaferro* v. *Taliaferro*, 178 Cal. App.2d 140, 141-142 [2 Cal.Rptr. 716].) ■ The interlocutory decree was entered on January 3, 1944, and the final decree on January 10, 1945. A property settlement agreement made by the parties on December 1, 1943, was made a part of both decrees. Paragraph Seven of the property settlement agreement provided that the appellant agreed to pay the respondent $350 per month for her support and the support of the two minor children. After the respondent remarried and one of the minor children married, the appellant in March, 1949, moved to modify the decree to strike paragraph Seven therefrom on the theory that paragraph Seven provided for the payment of support and alimony. The motion was granted on June 22, 1949, when the Superior Court of Contra Costa County made an order modifying the decree to strike out paragraph Seven. This order was entered on June 27, 1949. On July 6, 1949, respondent filed a motion to vacate the order of June 22, 1949. This motion was granted on September 16, 1949, the court having determined that the agreement was not merged in the interlocutory and final decrees of divorce and

that it was without jurisdiction to make the prior modification order. This order was entered on September 19, 1949, and no appeal taken therefrom. (*Taliaferro* v. *Taliaferro*, 125 Cal. App.2d 419, 423 [270 P.2d 1036].)

Subsequently, the respondent was successful in an action (No. 46893 in the superior court) to recover the arrearages in the payments due under the agreement. An appeal was taken to this court and therein the appellant unsuccessfully argued that paragraph Seven was a provision for the payment of alimony. This court held that paragraph Seven was not an alimony provision but a division of property. (*Taliaferro* v. *Taliaferro*, 125 Cal.App.2d 419 [270 P.2d 1036]) ; a rehearing was denied by this court on June 22, 1954, and a petition for a hearing in the Supreme Court was denied July 21, 1954. In 1954, the respondent commenced action No. R-3205 and recovered the further amounts due under the agreement. This court affirmed that judgment (*Taliaferro* v. *Taliaferro*, 154 Cal.App.2d 495 [316 P.2d 393]), and denied a rehearing on November 15, 1957. The Supreme Court denied a hearing on December 11, 1957.

Thereafter, the appellant commenced several further actions raising substantially the same issues. (*Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140 [2 Cal.Rptr. 716] ; *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 146 [2 Cal.Rptr. 719] ; *Taliaferro* v. *Taliaferro*, 179 Cal.App.2d 787 [4 Cal.Rptr. 689].) Appellant's argument here made about the lack of jurisdiction in actions Nos. 46893 and R-3205 need not detain us here as the matter was fully covered in our prior opinion, *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140, 144 [2 Cal.Rptr. 716].

His argument relating to the order of September 16, 1949, is equally without merit. He argues that the court was without jurisdiction to make the order of September 16, 1949, as the prior order had become final and that the order of September 16, 1949, was an invalid attempt to correct a judicial error in the order of June 23, 1949. Appellant well knows that an order for alimony or support is always subject to modification; at the stage of these proceedings in September, 1949, it had not yet been finally determined that the provisions of paragraph Seven did not provide for alimony or support. The record shows that respondent properly attacked the order of June 22 which was entered on June 27, 1949, by filing a motion to vacate on July 6. Furthermore, the record shows that the order of September 16, 1949, was entered on September 19, 1949. Appellant chose not to take an appeal from that order

within the period allowed by rule 2 of the Rules on Appeal.

In view of the above, there can be no question that appellant's motion was properly denied by the trial court.

Appellant further argues in his reply brief that the evidence before the trial court was insufficient since the applicable language of *Taliaferro* v. *Taliaferro*, 125 Cal.App.2d 419 [270 P.2d 1036], was not called to the attention of the trial court. The record indicates that the trial court was fully informed of the prior actions. It should be noted that the trial court heard the motion here in issue, and the matters raised by No. 18641 and No. 18642 on the March calendar in the same proceedings.

As we pointed out in *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140 at pages 144-145 and 179 Cal.App.2d 787 [4 Cal.Rptr. 689], the respondent here has been needlessly harassed and the courts unduly burdened by repeated attempts to relitigate matters that have long been finally determined.

It is hereby ordered, therefore, that the order be affirmed and pursuant to rule 26(a), Rules on Appeal, and section 957 of the Code of Civil Procedure, the sum of $250 be assessed against the appellant as a penalty and added to the costs for taking a frivolous appeal.

Draper, J., and Good, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.