[Civ. No. 19299.   First Dist., Div. One.   Feb. 13, 1962.]

DOROTHY D. TALIAFERRO, Plaintiff and Respondent, v. EUGENE A. TALIAFERRO, Defendant and Appellant.

Eugene A. Taliaferro, in pro. per., for Defendant and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Plaintiff and Respondent.

SULLIVAN, J.—Defendant Eugene Taliaferro appeals from an order denying his motion to modify a divorce decree and property settlement and directing the payment of $75 attorney fees to respondent's counsel. He thus adds another page to a tedious chronicle of post-marital dispute. The interests of justice and the equities of the case require us to take judicial notice of related prior proceedings.[1] (*Watson* v. *Los Altos School District,* 149 Cal.App.2d 768, 772 [308 P.2d 872].)

The interlocutory decree of divorce in this action was entered on January 3, 1944; the final decree on January 10, 1945. The property settlement agreement of the parties, dated December 1, 1943, was approved by the court and made a part of each of the above decrees. On June 27, 1949, an order modifying the final decree of divorce was entered, the effect of said order being to strike from the property settlement agreement paragraph Seventh thereof which provided for a monthly payment to respondent for the support of herself and her two minor children. This order was in turn vacated by the court's order of September 16, 1949, which determined "that the Property Settlement Agreement entered into between the parties . . . was not merged in the interlocutory and final decrees of divorce . . . and that this Court therefore is without

---

[1]*Taliaferro* v. *Taliaferro* (1960) 180 Cal.App.2d 44 [4 Cal.Rptr. 693];
*Taliaferro* v. *Taliaferro* (1960) 179 Cal.App.2d 787 [4 Cal.Rptr. 689];
*Taliaferro* v. *Taliaferro* (1960) 178 Cal.App.2d 146 [2 Cal.Rptr. 719];
*Taliaferro* v. *Taliaferro* (1960) 178 Cal.App.2d 140 [2 Cal.Rptr. 716];
*Taliaferro* v. *Taliaferro* (1957) 154 Cal.App.2d 495 [316 P.2d 393];
*Taliaferro* v. *Taliaferro* (1954) 125 Cal.App.2d 419 [270 P.2d 1036].

jurisdiction to make an order modifying the terms of said property settlement agreement.'' The last-mentioned order was entered on September 19, 1949. No appeal was taken from it.

In a separate action commenced on September 29, 1949, this respondent recovered arrearages due under the aforementioned paragraph Seventh of the agreement, the trial court finding that the agreement having been made for the purpose of providing a division of property rather than alimony and maintenance, was unmodifiable. In *Taliaferro* v. *Taliaferro*, 125 Cal.App.2d 419 [270 P.2d 1036], the above findings were found to be amply supported and the judgment affirmed. Additional amounts due under the agreement were recovered by respondent in a subsequent action commenced by her against appellant. Judgment in her favor was affirmed on appeal. (*Taliaferro* v. *Taliaferro*, 154 Cal.App.2d 495 [316 P.2d 393].)

Appellant now concedes the unmodifiable character of the property settlement agreement. His closing brief before us in this appeal states: ''The appellant no longer contends that the court has power to modify the divorce decree, or the property settlement.''

With this background, we take up appellant's motion which is the subject of the instant controversy. It was filed in the divorce action on October 21, 1959. It is entitled a ''Motion to Modify Divorce Decree and the Property Settlement Agreement Incorporated Therein and for an Order to Show Cause Why a Permanent Restraining Order Should Not Be Issued Against the Above Named Plaintiff.'' It is supported by an affidavit of appellant to which a copy of the property settlement agreement dated December 1, 1943, is attached as an exhibit.

Appellant's motion sought the following: (a) an injunction against alleged interference by respondent with appellant's ownership and management of property covered by the agreement; (b) an order modifying the final decree of divorce and the property settlement agreement because of ''substantial breaches'' by respondent; (c) $20,000 actual damages against respondent for the above interference and $50,000 punitive damages ''for abuse of process for the aforesaid breaches''; (d) restitution of rentals allegedly collected by respondent; and (e) a decree that there has been a failure of consideration in the agreement, and ''that the final judgment herein, wherein the aforementioned agreement was incorporated, be

modified so that the Defendant herein is no longer under any legal obligation to make payments under the terms'' of the agreement and decree.

At the hearing of the motion, oral and documentary evidence was received. The court, however, refused to hear any testimony in support of the statement made in appellant's affidavit that respondent in violation of the provisions of the agreement had asserted an interest in many pieces of property acquired by appellant since the signing of the agreement. The court also refused to hear supporting testimony in reference to an allegation of the affidavit that respondent had refused to sign necessary documents for appellant to manage certain properties. Evidence was received on the alleged interference with appellant's management of property and the collection of rentals by the respondent. In essence, this pertained to the issuance and levy of a writ of execution in a separate action in which respondent here (and plaintiff there) had recovered a judgment against appellant (defendant there). The court thereupon denied appellant's motion ''upon the grounds that the matters attempted to be raised are res judicata, and the motion is also denied upon the merits.''

Appellant argues that the motion was erroneously denied for a number of reasons, reducible to the following: (1) The court had the power and should have enjoined respondent's levy of a writ of execution on certain property known as the Davis Auto Exchange; (2) the court should have rescinded the property settlement agreement because of respondent's breaches thereof, despite the fact that through error, appellant sought modification of the agreement and the decree; (3) it was error for the court to refuse to hear certain testimony and to deny the motion on the basis of res judicata; and (4) the court should have awarded damages to appellant. None of these contentions have any merit.

At the basis of appellant's first contention is the charge made in his affidavit in support of the motion that respondent ''has interfered and prevented the Defendant from operating the Davis Auto Exchange and collecting rentals from properties covered by the Agreement of December 1, 1943.'' Considerable colloquy between appellant and the court and some testimony offered by appellant give us the following background facts: Respondent, presumably to recover arrearages due under the property settlement agreement, commenced an independent action against appellant on the agreement, and recovered judgment. Appellant appealed

from the judgment but apparently failed to secure a stay of execution either by the usual written undertaking or by a writ of supersedeas. Respondent thereupon had execution issue, and caused the writ to be levied on the Davis Auto Exchange. Respondent bought in the property at the execution sale and thereafter notified the tenants to pay rent to her. Appellant claims here that the respondent bought in the property at a grossly unfair price, but otherwise charges no irregularity in the issuance of the writ of execution, its levy or the execution sale.

Upon the foregoing factual background, appellant makes the rather novel argument that the court below, acting in the divorce action, could and should have enjoined the proceedings in the independent action. The argument appears even more unusual when it is noted that the execution, levy and sale have all taken place. Appellant furnishes no authorities holding that the court in the divorce action would have such power. What authorities he does cite, speak generally of familiar principles that the powers of equity are extensive, broad and flexible and that their purpose is to do right and justice. Since none of appellant's cases are in point, we do not feel they require our detailed discussion. We are satisfied that appellant could have invoked relief in the other action. Such action is not before us and we feel no duty to outline for appellant the procedure he might have followed therein. It is clear that appellant should have addressed himself to the court which rendered the judgment against him, not to the court which granted the divorce.

We next consider appellant's contention that the court below should have rescinded the property settlement agreement. Previous litigation between appellant and respondent has determined that their agreement is an integrated unmodifiable property settlement agreement. (*Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 [270 P.2d 1036].) In the last cited case involving respondent's recovery of arrearages under the agreement, the court referred to the above-mentioned order of the Superior Court of Contra Costa County entered in the divorce proceeding on September 19, 1949. Because of such decision, the court stated, ''holding that the property settlement agreement was not merged in the interlocutory or final decree of divorce and therefore said court was without jurisdiction to modify the terms of the property settlement agreement, it is res judicata that there is no power in the court to modify the support provision.'' (P. 425 of 125 Cal.

App.2d.) ■ It is settled law that where the parties have entered into an integrated nonseverable property settlement agreement, which has been approved by the court and made a part of the decree, the provisions of such agreement cannot be modified by the court granting the divorce without the consent of both parties. (*Dexter* v. *Dexter,* 42 Cal.2d 36, 40 [265 P.2d 873]; *Flynn* v. *Flynn,* 42 Cal.2d 55 [265 P.2d 865]; *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988]; *Plumer* v. *Plumer,* 48 Cal.2d 820 [313 P.2d 549].)[2] Appellant concedes that the agreement cannot be modified.

■ Notwithstanding all of the foregoing, appellant contends that the court below, in this original divorce action, should have granted his motion for a rescission of the agreement, even though, as appellant now concedes, it had no power to modify it. His application for a rescission, as already pointed out, appears to be based on two complaints: a) alleged breaches of the agreement by respondent "so that the aforesaid agreement and final judgment no longer have any legal force or effect because of the aforesaid breaches"; and b) "that there has been a failure of consideration in the agreement." In effect, appellant's position is that although the agreement cannot be partially modified, nevertheless, it can be entirely destroyed. Such relief, appellant argues, being within the power of a court of equity to confer, was also within the power of the court below.

To state appellant's argument is to answer it. The court in the original divorce action approved the property settlement agreement and made it a part of the interlocutory and final decrees of divorce. (*Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419, 422 [270 P.2d 1036].) The agreement then became a binding contract between the parties which the court could not change or modify. The court was then finished with the agreement. It retained no continuing jurisdiction, equitable or otherwise, over it. The continuing jurisdiction of a court granting the divorce, in instances, extends, under the provisions of section 139 of the Civil Code to certain provisions and allowances for support and maintenance contained in orders and decrees. But, as we have already pointed out, such continuing jurisdiction did not operate upon or extend to the agreement of the parties now before us, because it was an integrated and unmodifiable agreement. Under the authorities

---

[2]The amendments enacted in 1959 and 1961 to Civ. Code, § 139, and authorizing modification in certain instances are of course not effective with respect to the agreement in the instant case.

we have cited above, the court had no power to modify the agreement directly. It could not do this indirectly, by rescinding it. Such latter action on its part, would be in excess of its jurisdiction.

As we noted above, it has also been determined that the agreement was not merged in the interlocutory or final decrees of divorce. This determination is res judicata. As a result, the agreement remains a private contract, although made a part of the decree, and private contract remedies are the means by which it is enforced. ▇▇▇ As the court stated in *Bradley* v. *Superior Court*, 48 Cal.2d 509, 521 [310 P.2d 634] : "where the parties bargain with each other and agree that the terms of their contract shall thereupon and thenceforth grant, delimit and exclusively define their respective rights and obligations *inter se*, then it is to the contract alone, and to conventional civil proceedings for the enforcement of contract rights, that they must look for a remedy in the event of breach." Only an independent action on the contract may be maintained. (*Howarth* v. *Howarth*, 81 Cal.App.2d 266, 270-273 [183 P.2d 670] ; *Plumer* v. *Superior Court*, 50 Cal.2d 631 [328 P.2d 193] ; *Bradley* v. *Superior Court, supra*.) If appellant has any cause of action for damages for breach of the agreement or for a rescission of the agreement upon the grounds of breach, appellant must assert his claims through an independent proceeding, not in the original divorce proceeding.

It is to be noted that this was the course followed by respondent in her attempts to recover arrearages of payments. The last cited authorities not only demonstrate the propriety of such independent action on her part but also confirm, what we have pointed out heretofore, that any objections of appellant to enforcement procedures therein and any applications to stay execution issued in such action, must be addressed to the court rendering the judgment, and not to the court granting the divorce.

▇▇▇ In view of what we have said, it is clear that the court below did not err in relying upon the doctrine of res judicata. Nor did the court commit any error in refusing to hear testimony, offered in support of alleged breaches of the agreement, that respondent had asserted an interest in many pieces of appellant's property and that respondent had refused to sign certain necessary documents. Remedies for breach could not be invoked in the divorce action.

What we have said disposes of the four contentions made by appellant in connection with the denial of relief sought by his motion. We come now to the question of attorney fees.

The court below found that respondent's counsel "have rendered services to plaintiff in connection with this motion of defendant" and directed appellant to pay them $75. Such sum was found to be reasonable and within the ability of appellant to pay. Testimony below was confined to the issues of the appellant's ability and the respondent's inability to pay such expenses.

The court had power to make the above award (Civ. Code, § 137.3) unless respondent waived such fees by her above agreement. (*Grolla* v. *Grolla*, 151 Cal.App.2d 253, 260 [311 P.2d 547]; *Fox* v. *Fox*, 42 Cal.2d 49, 53 [265 P.2d 881]; *Patton* v. *Patton*, 32 Cal.2d 520, 523-525 [196 P.2d 909]; *Viera* v. *Viera*, 107 Cal.App.2d 181, 183-184 [236 P.2d 632].)

Among the prefatory recitals to the property settlement agreement is the statement that "it is the mutual wish and desire of said parties that a *full* and *final* adjustment of all their property rights, interests, and *claims* be had, settled and determined by said parties in this agreement." (Emphasis added.) Paragraph First of the agreement states as follows: "... each party hereto is hereby released and absolved from any and all obligations and liabilities for any future acts and duties of the other, and each of said parties hereby releases the other from any and all liabilities, debts, or obligations of any kind or character incurred by the other from and after this date, and from *any and all claims and demands,* including all claims of either party upon the other for support and maintenance as wife or husband or otherwise; it being understood that this instrument is intended to settle the rights of the parties hereto *in all respects,* except *as hereinafter provided.*" (Emphasis added.) Paragraph Eighth thereafter provides for attorney fees in the following language: "The husband hereby agrees to pay the wife's attorney . . . the sum of $250.00 as and for the attorney's fee, and the further sum of $15.00 as and for Court Costs, in . . . [the divorce action]." Paragraph Ninth of the agreement states in part "that in any action for divorce, separate maintenance or annulment, the respective property rights and interests of the said parties shall be fixed and determined by the terms, conditions and provisions of this agreement." The above are the only parts of the agreement pertinent to the problem at hand.

As we have pointed out, the agreement is and has heretofore been determined to be an integrated unmodifiable property settlement agreement. We do not find in it an *express* waiver by respondent of the right to receive attorney fees. However, in our view the agreement contains an implied waiver of such fees. A reading of the above-mentioned portions of the agreement indicates to us that the parties intended a full and final settlement of all claims between them. They released each other "from any and all claims and demands" and declared their intention to settle their rights "in all respects, except as hereinafter provided." This is extremely broad and extensive language. It is immediately preceded by equally comprehensive language dealing with the release of each party by the other from all future liabilities, debts and obligations. The only obligation "hereinafter provided" with respect to attorney fees is found in the eighth paragraph. We think the fair intendment of all the foregoing language is that the respondent impliedly waived any claim for additional fees in the divorce action.

We hold, therefore, that the trial court had no authority to make the award in question. Our conclusion in this respect is reached not without reluctance, since we are mindful of appellant's incessant attempts to relitigate the already adjudicated questions of the agreement and, in this instance, his persistence in invoking in the original divorce action procedures and relief for which there is no legal basis. We feel, however, that the trial court possesses ample powers to deal with any repetition of such unwarranted action.

In his closing brief appellant complains that notice of appeal was filed herein on December 28, 1959, respondent "by some mysterious method" was able to postpone submission of her brief until May 2, 1961. This, according to appellant, is "an invasion of . . . [his] constitutional rights"; since he has never received a comparable extension of time, he claims to have been discriminated against. The contention has no merit. It is not even factually accurate. Appellant himself applied for and received seven extensions of time to file his opening brief which he filed on January 30, 1961. Respondent filed her brief on May 1, 1961. Appellant filed his closing brief on June 9, 1961. It is apparent that appellant was responsible for most of the alleged delay.

That portion of the order appealed from, which awards attorney's fees to respondent's counsel, is reversed. In all

other respects the order appealed from is affirmed. The respondent is awarded costs on appeal.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied March 5, 1962, and appellant's petition for a hearing by the Supreme Court was denied April 11, 1962.