652

[Civ. Nos. 18910, 19151, 19152, 19317, 19528.
First Dist., Div. Three.    May 17, 1962.]

DOROTHY TALIAFERRO, Plaintiff and Respondent, v.
EUGENE A. TALIAFERRO, Defendant and Appellant.

(Five Cases.)

Eugene A. Taliaferro, in pro. per., for Defendant and
Appellant.

Frisbie & Hoogs and W. H. Hoogs for Plaintiff and Re-
spondent.

DRAPER, P. J.—In two opinions filed this day, we have
treated those appeals by defendant which warrant consider-
ation. Appellant's remarkable proclivity for proliferation
has produced five more appeals in the same case.

Some of these are from orders which are not appealable,
i.e., denial of motion to correct record (see *People* v. *Gross,*
44 Cal.2d 859, 861 [285 P.2d 630]). Others are from denial
of motions which turn wholly upon issues raised on the appeal
from the judgment, i.e., motion to vacate judgment on the
ground it was void. Where the judgment is appealable and

is in fact appealed from, to permit appeal from such an order would permit two appeals from the same decision (3 Witkin, Cal. Procedure, 2170). In any event, upon determination of the appeal from the judgment, the appeals from such orders become moot and should be dismissed.

The conclusion is inescapable that these appeals are frivolous. Every germane issue is raised in the two appeals which we have decided today. The five additional appeals constitute a gross misuse of the right of appeal, amount to mere harassment of opposing party and counsel, and place an undue burden upon the court and upon those who must purchase and maintain these reports. Although he appeals in propria persona, defendant is by no means an inexperienced litigant (*Taliaferro* v. *City of San Pablo,* 187 Cal.App.2d 153, 154 [9 Cal.Rptr. 445]). He has had seven earlier appeals and many applications for extraordinary writs in this divorce litigation alone. The case clearly calls for the imposition of penalties which will discourage like conduct in the future (Rules on Appeal, rule 26(a); Code Civ. Proc., § 957). He has been once warned (179 Cal.App.2d 787, 793 [4 Cal.Rptr. 689]) and thrice penalized (178 Cal.App.2d 140 [2 Cal.Rptr. 716]; *id.* p. 146 [2 Cal.Rptr. 719]; 180 Cal.App.2d 44 [4 Cal. Rptr. 693]). It is apparent that greater penalty is required to achieve the purpose of the rule.

The five appeals are dismissed. The sum of $200 is assessed against appellant as a penalty in each of the five appeals, and added to the costs awarded to respondent in each.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied June 8, 1962, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1962.