[Civ. No. 20209.   First Dist., Div. Three.   Dec. 21, 1962.]

E. A. TALIAFERRO, Cross-complainant and Appellant, v. DOROTHY DAVIS, Cross-defendant and Respondent.

Eugene A. Taliaferro, in pro. per., for Cross-complainant and Appellant.

DRAPER, P. J.—<span></span> The basic action is one by the state against Taliaferro for recovery of rents allegedly collected by him upon land deeded to the state for default in payment of taxes.   Among other cross-complaints, defendant filed two against his former wife, now Dorothy Davis, and her attorney. These were stricken upon motion, and defendant appeals.

A cross-complaint is permitted only when it seeks relief "relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought or affecting the property to which the action relates" (Code Civ. Proc., § 442).

Giving this section the broadest possible construction, it cannot support appellant's position. His cross-complaints seek only to revive his long-standing dispute with his former wife

arising out of their 1943 divorce and property settlement agreement (see review of this interminable litigation in *Taliaferro* v. *Taliaferro,* 203 Cal.App.2d 642 [21 Cal.Rptr. 864]). His theme apparently is that if his wife had complied with the construction of that agreement which he has so often and so unsuccessfully asserted in trial and appellate courts, he would not have defaulted in his taxes in the first place, and thus would not presently suffer this action by the state. This sort of reasoning is wholly inconsistent with either the letter or the spirit of section 442. We note also that his verified answer alleges that the very taxes which he claims his wife made it impossible for him to pay were in fact paid, not once but twice. This appeal reaches a new high in frivolity, even for this appellant (see *Taliaferro* v. *Taliaferro,* 203 Cal.App.2d 652 [21 Cal.Rptr. 870]).

Order affirmed. The sum of $200 is assessed against appellant as a penalty, and added to the costs awarded to respondent.

Salsman, J., and Devine, J., concurred.