[Civ. No. 26064. Second Dist., Div. Three. Nov. 30, 1962.]
ELIZABETH ARABELLE FOGEL, Plaintiff and Appellant,
v. JERRY FOGEL, Defendant and Respondent.

Huston T. Carlyle for Plaintiff and Appellant.

Brown & Altshuler and Leo Altshuler for Defendant and Respondent.

SHINN, P. J.— This is an appeal by Elizabeth Arabelle Fogel from an order denying her application for attorney's fees and costs in proceedings had subsequent to the entry of an interlocutory decree awarding her a divorce from Jerry Fogel.

The parties had entered into a property settlement agreement, which was approved by the court and incorporated in the decree. Appellant states in her opening brief: "By the terms and provisions of said 'SETTLEMENT AGREEMENT' it was expressed provided by the appellant and respondent herein

that except as provided in paragraph '33' of said 'SETTLEMENT AGREEMENT' wife (appellant) released husband (respondent) of any and all further claims for attorney's fees, court costs and expenses that wife may incur in the future on her behalf for any purpose.

"Paragraph '33' of said 'SETTLEMENT AGREEMENT' provides; 'In the event any further action is ever brought to enforce any of the terms of this Agreement, then the prevailing party shall be entitled to receive the reasonable attorney's fees and court costs and expenses incurred by him or her in the bringing or defending of said action.' "

It was the contention of appellant in the trial court and is asserted on the appeal that the proceedings in which the services of an attorney were rendered in her behalf and costs were incurred were brought to enforce the terms of the decree and that she prevailed in those proceedings. Appellant obtained an order for respondent to show cause why the provisions of the decree should not be modified by fixing definite times for respondent to visit the 5-year-old child of the parties; she also sought an order restraining respondent from making derogatory comments with respect to the parties' religious differences and she initiated proceedings for the taking of depositions. Respondent gave notice of a motion for a restraining order and several motions relative to the proposed depositions. He also caused to be issued an order to show cause why appellant should not be found in contempt for interfering with his visitation rights. Hearings were had, with the result that the rights of visitation of the child as provided in the decree were made certain as to the times when respondent could visit the child. Both parties were ordered to refrain from making derogatory remarks, the contempt citation was dismissed and the other matters were ordered off calendar. This arrangement was reached by agreement of the parties, after conferences with the court.

As previously stated, the basis of the contempt proceedings was the claim of respondent that his visitation rights had been interfered with and the proceeding in contempt was for enforcement of those rights as granted by the decree. However, the contempt matter was not tried, but was dismissed without any finding whether appellant had interfered with respondent's visitation rights, or any order requiring appellant to abide by the terms of the decree. Therefore, it cannot be said that appellant prevailed in resisting respondent's effort to have her adjudged to be in contempt.

In seeking to have definite times and conditions fixed respecting respondent's visitation rights appellant sought not enforcement of any provision of the decree, but only a modification of the same. She prevailed upon her motion, but it was the only matter that was ruled upon by the court, and the only matter in which either party could be said to have prevailed.

The trial court correctly decided that appellant was precluded by the agreement of the parties incorporated in the decree from recovering attorney's fees and costs in connection with the matters that had been brought to the court for decision.

Appellant says the right to attorney's fees and costs could not be waived with respect to court proceedings conducted primarily in the interests of minor children and suggests that the child of the parties was the principal beneficiary of the modification of the decree. We fail to see how the welfare of the child was involved. The issues were related solely to the convenience of the parents.

The order is affirmed.

Ford, J. and Files, J., concurred.