[No. A041998. First Dist., Div. Five. Apr. 28, 1989.]

In re the Marriage of ANDREA LAI and PATRICK M. QUINLAN.
ANDREA LAI QUINLAN, Appellant, v.
PATRICK M. QUINLAN, Movant and Respondent;
REGINALD R. ARMANDO, Objector and Appellant.

**COUNSEL**

Reginald R. Armando, in pro. per., for Appellants.

Patrick M. Quinlan, in pro. per., for Respondent.

**OPINION**

**KING, J.—** ▇ In this case we hold that an order imposing sanctions on an attorney under Code of Civil Procedure section 128.5 cannot be based upon grounds not asserted before its rendition without the attorney having had adequate notice of or opportunity to respond to the threat of sanctions. We also conclude that due process does not necessarily require that a motion for sanctions for alleged misconduct during a hearing be heard on a separate and later hearing date.

Andrea Lai Quinlan and Patrick M. Quinlan obtained a dissolution judgment in 1980. In 1987 Andrea moved for an increase in child support and Patrick moved for an order requiring sale of the family residence or a buyout of his share. These motions were noticed in the domestic relations law and motion department, which, by local rule, is limited to hearings

requiring no more than 20 minutes. Matters requiring up to two hours are specially set in that department and those requiring more time are specially set before the presiding judge for assignment to a trial department. The domestic relations judge commenced a hearing on the motions on the regular motion calendar and when Reginald R. Armando, Andrea's counsel, could not complete his portion within the 20-minute time limit, it was continued to a later date. Three days later Andrea filed a motion to reduce Patrick's visitation rights with the child and filed a peremptory challenge to the judge under Code of Civil Procedure section 170.6.

Patrick filed a declaration opposing reduction of his visitation rights. The declaration requested sanctions of $2,000 against Andrea and Armando under Code of Civil Procedure section 128.5 on the ground the allegations in support of the reduction of visitation rights were "in bad faith and brought with the intent to harass and to delay the hearing on the house sale and support issues . . . ."

The hearing resumed on the continued date. At the outset the court denied the peremptory challenge on the ground it was untimely. The court then said it would refer the visitation issue to its Office of Family Court Services for mediation, and asked for a time estimate for hearing the original two motions. Patrick's counsel, who had filed a written estimate of one day for the visitation issue, said he did not think the balance of the continued hearing on the remaining two issues would take more than an hour. Andrea's counsel, Armando, suggested the order in which the motions should be heard, but said nothing about the time estimate, implying he concurred.

The trial court proceeded with the hearing and took testimony by Patrick. After Armando said he had concluded his cross-examination of Patrick, the judge informed Armando he was out of time. Armando said he had more questions for Patrick and "this is going to go more than an hour." The court responded that matters requiring more than two hours were heard in another department, and she declared a mistrial.

When the court declared the mistrial, Patrick's counsel made an oral motion for sanctions under Code of Civil Procedure section 128.5 for "unorthodox and wholly improper conduct by counsel," requesting "attorney fees in the amount of two thousand dollars for today's hearing alone." The court responded she would "take the matter of sanctions and attorney fees under submission."

The court subsequently issued a written order requiring Armando to pay "attorney fees" of $900 to Patrick's counsel under section 128.5 and

directing Patrick's counsel to prepare the formal sanctions order required by statute. (Code Civ. Proc., § 128.5, subd. (c).) Patrick's counsel prepared, and the court signed, a formal order which stated that sanctions were imposed on the grounds Armando had intentionally exceeded the one-hour estimate knowing the expenditure of time was unwarranted and had filed a meritless peremptory challenge.

On appeal Armando has mounted an all-out assault on the sanctions order, claiming that there was no substantive basis for sanctions, no adequate notice of or opportunity to respond to the threat of sanctions, no adequate written recitation of the conduct or circumstances justifying the order, and no rational basis for the amount of sanctions awarded. ██ ██ ██ ██ One of the pellets from his shotgun blast—the notice pellet— is on target.[1]

Sanctions may not be imposed under Code of Civil Procedure section 128.5 without notice and an opportunity to respond. (Code Civ. Proc., § 128.5, subd. (c); *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961-962 [196 Cal.Rptr. 409].) Patrick requested sanctions both in writing before the mistried hearing and orally at the close of the hearing. ██ The sole basis for the written request, however, was the bad faith purportedly underlying the visitation motion, which was referred for mediation, and thus was premature as a ground for sanctions. The sole basis for the oral request was "unorthodox and wholly improper conduct by counsel," which was not specific enough to give counsel a clue as to how to respond.

The grounds actually recited in the formal order imposing sanctions—the time delay and the peremptory challenge—were not asserted as a basis for sanctions, by either Patrick or the judge, at any time before rendition of the sanctions order. The oral request for sanctions did not give Armando any notice of the grounds underlying the sanctions order, and consequently he had no reasonable opportunity to respond since he could not have known of the *need* to respond as to those grounds. Nor did the court independently give Armando adequate notice or opportunity to respond; it simply took the request for sanctions under submission and did not give a clue that sanctions might be imposed for conduct not previously specified by Patrick. (Compare *Dwyer* v. *Crocker National Bank, supra,* 194 Cal.App.3d at p. 1437 [appellants knew what relevant subjects and categories of bad faith conduct would be examined at sanctions hearing].)

---

[1] Armando's other arguments are meritless. Delay beyond the court's two-hour limit for the purpose of getting before a different judge was an adequate substantive basis for sanctions. The recitation of grounds for sanctions in the court's order was sufficiently detailed. The court was not bound by a strict accounting requirement in determining the amount of sanctions. (*Dwyer* v. *Crocker National Bank* (1987) 194 Cal.App.3d 1418, 1438 [240 Cal.Rptr. 297].)

From the trial court's order it is clear the court concluded that Armando, having failed to file a timely peremptory challenge to the judge, intentionally prolonged the hearing knowing that if it went beyond the time limitations in that department it would go to the presiding judge to be assigned to another judge and would begin anew. The trial court evidently found Armando accomplished by delay what he had failed to accomplish by filing the peremptory challenge. ▮ Such conduct wastes precious judicial resources, causes needless expense to the taxpayers as well as the opposing party, and constitutes a serious breach of an attorney's professional duty as an officer of the court. It deserves substantial sanctions whether against the attorney under Code of Civil Procedure section 128.5 or the party as reasonable and necessary attorney fees under Civil Code section 4370 or as a sanction under Civil Code section 4370.5. Indeed, such conduct is a direct breach of the professional obligation imposed on attorneys in family law cases by Civil Code section 4370.5, subdivision (b)(2), "to promote settlement of litigation, and, where possible, to reduce the cost of litigation."

▮ But although such conduct cannot be condoned, sanctions cannot be imposed upon Armando without notice and an opportunity to be heard. Armando was deprived of due process. The sanctions order must therefore be reversed. (See *Brekhus & Williams* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 791-792 [244 Cal.Rptr. 48].)

This case highlights a problem for trial judges to whom motions to impose sanctions are made based upon a ground that arises during the course of a hearing. In such situations, before sanctions can be imposed the judge must give adequate notice and an opportunity to be heard. (Code Civ. Proc., § 128.5, subd. (c).) Does this mean the judge must always schedule a separate sanctions hearing for a later date? As a practical matter such a requirement would inhibit the imposition of sanctions by busy judges on a motion calendar for whom a separate hearing might not be worth the extra trouble. Additionally, requiring a separate hearing would increase the amount of the sanctions that are awarded to compensate the opposing side for its attorney fees.

▮ The adequacy of notice, even when a trial court indicates an intent to impose sanctions on its own motion, should not depend upon an arbitrary number of days' notice but "should be determined on a case-by-case basis to satisfy basic due process requirements. The acts or circumstances giving rise to the imposition of expenses must be considered together with the potential dollar amount." (*Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 932 [219 Cal.Rptr. 562].)

In *Lesser* the trial court granted a nonsuit, scheduled a sanctions hearing for the next morning, and then ordered the plaintiff to pay attorney fees and

costs in the amount of $59,148.10 on the ground the entire lawsuit was frivolous. The appellate court held the notice was inadequate because, in light of the size and extent of the underlying action (a $7 million lawsuit which had been ongoing for six years) and the substantial amount of defense expenses, the plaintiff was unable to prepare declarations on less than a day's notice to show the lawsuit had been brought in good faith. (173 Cal.App.3d at 933.)

Here, in contrast, the substantive basis for sanctions was very narrow, the amount of the request was small, the need to prepare a defense was minimal and no request for a separate hearing was made. In such situations, if the court gives clear warning from the bench of the anticipated grounds for sanctions, or if the moving party does so, and counsel is given an adequate opportunity to present an oral response, due process concerns are satisfied, eliminating the need for a separate hearing on sanctions.

Thus a sanctions hearing on a separate and later date is often unnecessary and was unnecessary here. Whether due process requirements can be satisfied without a separate hearing will depend upon the facts of each case, including the amount at stake and the degree of complexity of the sanctions issue.

The order is reversed and the cause is remanded for a new hearing on the issue of sanctions. The parties shall bear their own costs on appeal.

Low, P. J., and Haning, J., concurred.