[No. A040057. First Dist., Div. Two. Feb. 14, 1990.]

In re the Marriage of DIANA L. and JIM S. JOSEPH.
DIANA L. JOSEPH, Appellant, v.
JIM S. JOSEPH, Appellant.

COUNSEL

Diana Richmond for Appellant Husband.

Nordin F. Blacker, Leland, Parachini, Steinberg, Flinn, Matzger & Melnick, Merrill E. Steinberg and De Goff & Sherman and Richard Sherman for Appellant Wife.

OPINION

**KLINE, P. J.**—Appellant Jim S. Joseph (husband) appeals from a lower court ruling permitting his former wife, Diana L. Joseph (wife), to seek attorney's fees in connection with a postjudgment child custody dispute between the parties. Husband contends the attorney's fee waiver provision contained in the parties' marital settlement agreement precludes an award of attorney's fees, including those incurred in connection with disputes regarding the custody and support of the parties' children. Wife cross-appeals from

the court's denial of fees, contending the court erred in concluding she had not demonstrated any need for attorney's fees.

## BACKGROUND

Husband and wife married in 1976 and separated in 1984. They have three children who, at the time of the dissolution, were ages 8, 6 and 4. On February 15, 1985, husband and wife entered into a marital settlement agreement which resolved the parties' financial issues. Because the parties were attempting to reach a mediated solution regarding the custody of their children the agreement contained only interim arrangements for child custody.

The marital settlement agreement gave wife $1,150,000 in cash, an oil and gas partnership, three vehicles, $8,000 each month in spousal support[1] and a total of $4,500 monthly child support. Husband also agreed to pay for the children's school and medical costs and for wife's reasonable attorney's fees through the date of the final custody determination.

After mediation on the custody issue failed, the case was referred to family court services for evaluation. Shortly before trial the matter was settled. The agreement, made in a court order on October 22, 1985, provided for joint legal and physical custody, with the children's primary residence with wife.

On July 16, 1986 husband filed a motion to obtain sole custody of the children based on information that wife was abusing cocaine and was not properly caring for the children. Husband obtained an order giving him sole legal custody of the children pending a hearing on the matter.

In January 1987, while the custody issue was being litigated, wife filed a motion which explained that she had become pregnant by her fiance, Jay Margulies, and that they planned to marry and make their home near Lake Tahoe. Wife therefore sought a change in the custody order which limited her residence to the Bay Area and required the children to attend the Hebrew Day School.

Experts appointed to represent the children's interests concluded that husband's fears concerning wife's drug use were unfounded and recommended that the children's primary residence remain with wife. Investigative reports indicated it would not be harmful for the children to leave the

---

[1] When wife began living with another man the parties negotiated a spousal support modification which decreased the monthly spousal support obligation to $4,500.

Hebrew Day School and move to Lake Tahoe. Husband stipulated to this conclusion so the custody dispute could be settled. In July 1987 the parties reached another agreement concerning the children, whereby they retained joint custody, and the children were permitted to make their primary home with wife in Lake Tahoe.

Wife sought attorney's fees for expenses incurred in connection with the custody dispute; husband argued that, pursuant to the marital settlement agreement, wife had waived the right to any legal fees. The question of the validity of the waiver was submitted to the court for decision separately from the question of what amount, if any, husband should be required to pay.

The court found that the marital settlement agreement did not bar an award of attorney's fees in connection with the custody modification proceedings. It further observed that the evidence did not unambiguously show that wife had negotiated a waiver of fees for matters involving custody of the children. Husband appeals from that ruling.

On November 4, 1987, the court held a hearing to determine whether wife was entitled to attorney's fees under Civil Code sections 4370 or 4370.5. The court concluded no "need" had been shown and thus no fees could be awarded. Wife appeals from that decision.

DISCUSSION

A. *Husband's Appeal*

Paragraph 8.01 of the marital settlement agreement provides, in part, that: "Upon the obtaining of a final custody award, each party, subject to paragraph 8.03 hereof [2] shall be responsible for his or her own costs and attorneys fees arising out of any subsequent legal issues arising out of the instant matter." Husband maintains this provision precludes an award of attorney's fees in the instant postjudgment custody dispute. He urges this court to rule that attorney's fee waivers are presumptively valid, even in the context of disputes concerning child support or child custody. We decline to do so.

In *Lucachevitch* v. *Lucachevitch* (1945) 69 Cal.App.2d 478 [159 P.2d 688] the parents of a young boy agreed to joint custody of the child. The father

---

[2] Paragraph 8.03 provides that in any action to enforce the agreement the prevailing party would be entitled to attorney's fees. As this was not a proceeding to enforce the agreement, but to modify it, wife did not seek fees under this provision.

later sought exclusive custody of his son; the mother filed a countermotion, also seeking sole custody. The trial court modified the custody decree and awarded the mother attorney's fees and costs. The father appealed, contending that pursuant to the parties' interlocutory decree he was no longer responsible for his former wife's attorney's fees.

The Court of Appeal agreed the language of the divorce decree was sufficiently broad to bar an award of fees but nonetheless concluded that such a waiver could not be enforced without improperly limiting the court's power to issue orders for the " 'custody, care, education, maintenance and support' " of minor children whose parents divorce. (69 Cal.App.2d, at p. 484.) The court reasoned that "[c]ontroversies over custody are oftentimes long drawn out and bitter and they frequently present difficult questions for decision, requiring long and thorough preparation by competent counsel. There is a necessity for the services of attorneys in order that the court may be informed as fully as possible as to the competency and fitness of the respective parents, the conditions and influences that would surround the children in the home of one parent or that of the other and, where change of custody is sought, the court must make the most complete investigation as to whether the best interests of the children require that a change be made. The court is therefore vested with a broad discretion to order payment of attorney's fees whenever it appears necessary for a proper presentation of the case. . . . A decree which declared that no order could be made in the future for the payment of attorney's fees in matters affecting the custody or support of children would be to that extent void." (*Id.*, at pp. 485-486.)

Husband contends *Lucachevitch* is founded on outdated concepts of family privacy and autonomy and ought not be followed. He focuses on language in the opinion which reveals the court's displeasure with the joint custody arrangement the parents had independently fashioned. The court first observes that "neither party saw fit" to submit the question of custody to the court. (69 Cal.App.2d at p. 480.) It later declares that "[t]he original decree was not the expression of the court's judgment, which only followed the agreement of the parties, and this agreement, with all of its elaborate provisions, seems to have been shaped more to meet the demands of the father than to promote the welfare of the child. The threatened detriment to the child through being shuttled back and forth between the parents appears to have been overlooked." (69 Cal.App.2d at p. 483.) Husband asserts that an opinion based upon such paternalistic values—which have been rejected by the Family Law Act and modern appellate authority—must be seriously questioned.

We agree the statements from *Lucachevitch* quoted above reflect a negative view of family autonomy and flexible custody arrangements which has

been abandoned by the Legislature (see, e.g., Civ. Code, § 4600.5 [presumption favoring joint custody]; Civ. Code, § 4607 [providing for mandatory mediation in contested custody matters]) and repudiated by this and other courts. (See, e.g., *In re Marriage of Mentry* (1983) 142 Cal.App.3d 260, 267-268 [190 Cal.Rptr. 843] ["The concept of family privacy embodies not simply a policy of minimum state intervention but also a presumption of parental autonomy." (Fn. omitted.)].) However, the outdated values reflected in the *Lucachevitch* court's comments on the joint custody arrangement do not in any way affect its reasoning with regard to the validity of the purported attorney's fee waiver; in fact, the foundation of the *Lucachevitch* ruling—that parties cannot by contract limit the court's power to resolve issues concerning children's welfare—has been reiterated in numerous later opinions.

For example, in *Krog v. Krog* (1948) 32 Cal.2d 812, 817 [198 P.2d 510] a mother sought to enforce a child support order in favor of her son who was conceived by the parties after the granting of the interlocutory decree. The court rejected the father's argument that the property settlement agreement barred recovery for attorney's fees and costs, stating that such an agreement "cannot defeat the power of the court to make such allowance in this proceeding for child support." (*Id.*, at p. 817, citing *Lucachevitch v. Lucachevitch, supra.*)[3]

Similarly, in *Newhall v. Newhall* (1958) 157 Cal.App.2d 786 [321 P.2d 818], the husband moved to reduce his spousal and child support obligations. The court denied his motion and awarded his former wife attorney's fees and costs. Husband appealed. The court held that the execution of the property settlement agreement operated as a waiver of the wife's right to attorney's fees for resisting husband's efforts to reduce the *spousal* support. However, the court determined that wife's efforts to maintain the child support were different: "In that regard, she acts as a representative of the children, whose rights cannot be adversely affected by agreement of the parents; nor can the state's interest and concern for the welfare and maintenance of the children be adversely affected by the provisions of any such agreement. (*Allen v. Allen* [1956] 138 Cal.App.2d 706, 710-711 [. . .].)" (*Id.*, at pp. 796-797.)

■■■ The rule is repeated in case after case: parties to a divorce cannot abridge the court's ability to act on behalf of the children, either by direct

---

[3] Husband asserts the situation in *Krog* was so unusual that the holding should be limited to the facts involved. While the facts were somewhat out of the ordinary, since the child was conceived after the parties' divorce, the court's conclusion was in no way limited to the facts and was founded on the same well-accepted principles that have repeated in a host of other decisions.

attempts to terminate the court's power, or by attempts to deny attorney's fees where needed to institute or defend against actions for modification of child custody or support orders. (*In re Marriage of Coleman* (1972) 26 Cal.App.3d 56, 60 [102 Cal.Rptr. 629] ["If the wife is unable to afford counsel fees, it is also consistent with the interest of the children that she be awarded counsel fees in order to represent the children's interests"]; *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020, 1027 [230 Cal.Rptr. 203] [court's power " 'cannot be limited or abridged by the contract of the parties made pending the divorce litigation . . . .' "]; *In re Marriage of Ayo* (1987) 190 Cal.App.3d 442, 451 [235 Cal.Rptr. 458] [rights of contracting parties "must yield to the welfare of the children."]) Based on the rationale of these cases, which we find compelling, we conclude that the court below properly determined the waiver contained in the marital settlement agreement did not bar an award to wife of attorney's fees and costs in this custody dispute.[4]

Husband makes a number of additional claims in support of his position, which, though imaginative, lack merit. First, he contends that because the children's interests were represented by independent counsel he and wife were truly asserting their own interests and, thus, wife should not be entitled to attorney's fees. This argument completely overlooks the fact that if one party does not have sufficient funds to initiate or defend against actions concerning the children's support and/or custody the litigation will never proceed to the point where independent counsel for the children may be appointed. Moreover, as wife points out, representatives appointed to protect the children's interests do not operate in a vacuum, but rely heavily on

---

[4] We are unpersuaded by the two cases husband primarily relies upon. In *Garrett* v. *Garrett* (1968) 258 Cal.App.2d 407, 419-420 [65 Cal.Rptr. 580] the wife brought an action based on her former husband's noncompliance with the spousal and child support provisions of their divorce decree. On appeal, the court reversed the award of attorney's fees to the wife, finding she had impliedly waived the right to such fees by her agreement to a "full and final settlement of all claims between [the parties]." In support of that conclusion the court cited *Taliaferro* v. *Taliaferro* (1962) 200 Cal.App.2d 190 [19 Cal.Rptr. 220], a case involving an attempt to modify a divorce decree and property settlement, which did not implicate the welfare of any children of the marriage. In our opinion, the court in *Garrett* erred in failing to distinguish between fees incurred in connection with the spousal support dispute—which were subject to waiver—and fees related to the enforcement of the child support order, which could not be waived.

An attorney's fee waiver provision also was upheld in *Fogel* v. *Fogel* (1962) 210 Cal.App.2d 332 [26 Cal.Rptr. 631], where the wife sought an order to fix definite times for her former husband to visit their five-year-old son. The court rejected wife's argument that the right to fees and costs could not be waived in connection with proceedings concerning the interests of minor children, concluding, "[w]e fail to see how the welfare of the child was involved. The issues were related solely to the convenience of the parents." (*Id.*, at p. 334.) *Fogel* is easily distinguishable from the instant appeal: there is no question that this dispute, where the custody and primary residence of the children were at issue, clearly involved the children's interests.

representations of counsel for the parents. In this case, for example, the children's attorney reviewed and analyzed extensive materials prepared by the parents' attorneys before making her recommendation to the court.

Husband also claims the invalidation of waiver provisions amounts to an unconstitutional impairment of contract. (U.S. Const., art. I, § 10.) This argument too must fail. ■ "It has been settled by a long line of decisions, that the provision of § 10, Article I, of the Federal Constitution, protecting the obligation of contracts against state action, is directed only against impairment by legislation and not by judgments of courts. The language—'No state shall . . . *pass any . . . law* impairing the obligation of contracts'—plainly requires such a conclusion." (*Tidal Oil Co.* v. *Flanagan* (1924) 263 U.S. 444, 451 [68 L.Ed. 382, 386, 44 S.Ct. 197], italics in original, fn. omitted; accord, *Rooker* v. *Fidelity Trust Co.* (1923) 261 U.S 114, 118 [67 L.Ed. 556, 563-564, 43 S.Ct. 288].) ■ Because the attorney's fee waiver provision involved here is void due to judicial, not legislative, action, the constitutional prohibition on impairment of contract is inapplicable.

Finally, husband maintains the equities favor his position since, if the waiver is not enforced, it would reward wife's duplicity in concealing her counsel's intent that the provision not apply to child custody disputes. Husband also suggests that wife's attorney was obligated to advise husband's counsel that the provision did not apply to postjudgment proceedings concerning custody or support for the children. These arguments are unavailing. Both husband and wife were represented by able counsel well versed in the particulars of family law. Neither wife nor her counsel was required to advise husband's attorney the waiver would not apply to fees generated by a custody dispute (*Norton* v. *Hines* (1975) 49 Cal.App.3d 917, 921 [123 Cal.Rptr. 237]; *Parnell* v. *Smart* (1977) 66 Cal.App.3d 833, 838 [136 Cal.Rptr. 246] [no duty owed to those not intended as beneficiaries of counsel's advice]); in fact, wife's counsel likely assumed husband's attorney was aware that such waivers generally are ineffective in the context of such disputes. Invalidating the waiver provision would in no way reward any misconduct or deceit on the part of wife or her attorney.

B. *Wife's Cross-appeal*

Wife sought $120,000 for attorney's fees incurred defending against husband's attempt to gain sole custody of the children. The court, finding wife had not demonstrated her need for a fee award, denied the request. Wife appeals and admits she has sufficient resources to pay her attorney's fees. She nonetheless insists she should not be forced to exhaust her liquid assets

when husband, who is far wealthier than she, has the ability to pay her attorney's fees without affecting his financial security or his lifestyle.[5]

## 1. Civil Code Section 4370[6]

Pursuant to section 4370, subdivision (a), a trial court is authorized to award attorney's fees in family law cases "as may be reasonably necessary for the cost of maintaining or defending the proceeding . . . ." ■ "The purpose of the award is to provide one of the parties, if necessary, with an amount adequate to properly litigate the controversy. . . . [¶] In making its determination as to whether or not attorney fees and costs should be awarded, the trial court considers the respective needs and incomes of the parties." (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768 [209 Cal.Rptr. 354, 691 P.2d 1020], citations omitted.) Numerous cases have reiterated the principle that need is a prerequisite to any fee award. (*In re Marriage of Pollard* (1979) 97 Cal.App.3d 535, 539 [158 Cal.Rptr. 849] ["If (wife) has ample funds of her own to retain counsel no requirement that her Husband pay counsel fees is justified . . . ."].)

Wife argues the court below erred in adopting an exceedingly narrow definition of "need" which ignored the *relative* financial situations of the parties. She maintains she ought not be required to use the last of her liquid assets to pay her attorneys when husband could do so "without even noticing it." All of these claims were ably and vigorously urged upon and rejected by the court below. ■ "A motion for attorney fees and costs in a dissolution action is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. . . . [T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made." (*In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 296 [149 Cal.Rptr. 918].)[7] ■ In light of wife's stipulation that she had the ability to pay her own attorney's fees we simply cannot say the court below abused its discretion in concluding

---

[5] Wife's counsel admitted wife had sufficient *liquid* assets to pay all her outstanding attorney's fees, but asserted that payment of such fees would "reduce her liquidity to the point of almost nonexistence." Husband stipulated that he had a net disposable income in excess of $1,000,000 per annum.

[6] All further statutory references are to the Civil Code unless otherwise specified.

[7] In her petition for rehearing wife argues that an abuse of discretion standard is inapplicable where, as in the instant case, an issue is decided based on stipulated facts and thus presents a "legal issue." We disagree. Although husband and wife stipulated to their respective abilities to pay wife's attorney's fees, the court was faced with the difficult *factual* question of whether, despite this admission, wife had nonetheless demonstrated her need for an award under the statute because *relative to husband,* she could ill afford to pay the fees.

she had no need for an award of attorney's fees and thus denying the requested fees under section 4370.[8]

While it may seem unfair in the face of husband's vast wealth to require wife to exhaust her liquid assets to pay her attorney's fees, the fact remains that section 4370 was designed to provide funds *"as may be reasonably necessary for the cost of maintaining or defending"* a family law proceeding. Wife admittedly has funds available to pay the fees she incurred in defending against husband's attempt to gain custody of their children; the vastly superior wealth of her husband does not alter the fact that, by conventional standards, she must be considered a wealthy woman in her own right. On this record, the court correctly determined wife had not demonstrated her need for an award under section 4370.[9]

2.  *Section 4370.5*

Wife argues, in the alternative, that under a proper interpretation of section 4370.5 she is entitled to attorney's fees *without* a showing of financial need. Section 4370.5, enacted in 1985, provides, in pertinent part, as follows:

"(a) The court may make an award under this chapter where the making of the award, and the amount of the award, is just and reasonable under the circumstances of the respective parties.

"(b) In determining what is just and reasonable under the circumstances, the court shall take into consideration both of the following:

"(1) The need for the award to enable each party, to the extent practical, to have sufficient financial resources to adequately present his or her case

. . . .

"(2) The extent to which the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."

---

[8] We do, however, disagree with the trial court analogizing this case to that of a criminal defendant, who cannot receive appointed counsel without first using the equity from his or her home. We know of no rule which requires a civil litigant seeking an award of fees to exhaust the equity in his or her home before the opposing party can be ordered to pay for fees and costs.

[9] Wife claims that if she is forced to pay her attorney's fees in this matter she will be financially unable to defend against husband's next attempt to alter the child custody or support arrangement. This argument is premature. Fees cannot be awarded based on the speculative contention that wife may in the future be without funds to engage an attorney. If another disagreement should arise wife may *at that time* petition the court for necessary attorney's fees. Presumably, she then would be better equipped to demonstrate her need for such fees.

We first encountered this provision in *In re Marriage of Melone* (1987) 193 Cal.App.3d 757 [238 Cal.Rptr. 510]. We there noted that section 4370.5 would be completely superfluous if it were interpreted as requiring the moving party to show *both* need and reprehensible conduct on the part of the opposing party or counsel when fees already are available under section 4370 based solely upon a showing of need. (193 Cal.App.3d at p. 765, fn. 6.)

*In re Marriage of Norton* (1988) 206 Cal.App.3d 53 [253 Cal.Rptr. 354] was decided a year later. In that case the court reviewed an award to the husband based on the unreasonable behavior of the wife and her attorney; the court concluded the award was proper, despite the fact that the parties were of "roughly equal *net* means" and the husband apparently could not show need.[10] (206 Cal.App.3d at p. 60, italics in original.) In reaching its decision the court noted that the wife had adequate means to bear the costs imposed, and cautioned against applying section 4370.5 in a manner that would cause undue hardship. The court stated: "it is entirely consistent with [section 4370.5] for trial courts to take account of the comparative wealth of the competing litigants and the effect of wealth disparities on litigation behavior when they fashion any fee and cost awards they may impose pursuant to this section." (*Ibid.*)

The Legislature subsequently amended section 4370.5 to incorporate the analysis employed in *Norton.* The following language, which became effective January 1, 1990, was added to subdivision (b)(2): "An award of attorney fees and costs pursuant to this paragraph is in the nature of a sanction. In making an award pursuant to this paragraph, the court shall take into consideration all evidence concerning the parties' incomes, assets, and abilities. The court shall not impose a sanction pursuant to this paragraph that imposes an unreasonable financial burden upon the party against whom the sanction is imposed."[11]

In light of the fact that the Legislature retained the existing language concerning need in section 4370.5, suvdivision (b)(1), incorporated the reasoning of *Norton,* and ignored the problem we defined in *Melone,* we must assume it did not interpret the existing language of 4370.5 as imposing a more stringent standard than section 4370 by requiring the moving party to

---

[10] The opinion does not expressly state that Mr. Norton could not demonstrate his need for an award. However, that conclusion may be inferred from the facts, which show both that Mrs. Norton had the ability to bear the cost of the award and also that Mr. Norton's income was greater than Mrs. Norton's. (206 Cal.App.3d at p. 60.)

[11] We granted wife's petition for rehearing in part to consider whether this recent amendment sheds light on the Legislature's understanding of the preexisting language of section 4370.5.

show both need *and* culpable conduct on the part of the other party.
■ In fact, the recent amendment, which declares that an award of attorney's fees "is in the nature of a sanction" strongly suggests the Legislature intended that, despite the express language of subdivision (b)(1), awards under section 4370.5 do *not* have to be need-based.

We cannot say the statutory amendment clearly resolves the question of whether need must be shown to get an award under section 4370.5: in some ways the addition of the new language, juxtaposed with the existing language in subdivision (b)(1), adds to the confusion we discussed in *Melone*. However, the Legislature's affirmative act in adding the recent amendment to subdivision (b)(2), while failing to remove the reference to need which appears in the immediately preceding subsection, persuades us that in considering the propriety of awards under section 4370.5, the absence of need cannot automatically defeat a request for fees and costs under this provision. Thus, while the trial court must *consider* both need and the parties' litigation conduct, these factors may be weighted and weighed so that an award may be made even where no need has been demonstrated.

Because the trial court in this case assumed wife could not receive an award under section 4370.5 in light of her admitted ability to pay her attorney's fees, we must remand for the trial court to reconsider wife's request in light of the recent amendment and our opinion herein. Moreover, because need is not required for an award under section 4370.5, if husband believes wife has "frustrate[d] the policy of the law to promote settlement of litigation, and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys" (§ 4370.5 (b)(2)) he too may seek fees and costs under that provision despite the fact that with an annual income in excess of $1 million he would be unable to demonstrate the need for such an award.

### 3. *Wife's Fees on Appeal*

■ Wife has requested an award of attorney's fees for services rendered in connection her cross-appeal and her defending against husband's appeal. "To warrant an award of fees on appeal, four conditions must be met: (1) the requesting spouse must show a need for the award; (2) the paying spouse must have the ability to pay the fees; (3) the appeal must be taken in good faith; and (4) there must be reasonable grounds for the appeal, although this does not imply that the requesting spouse must prevail on appeal." (*In re Marriage of Davis* (1983) 143 Cal.App.3d 71, 78 [190 Cal.Rptr. 104].)

In our opinion wife's cross-appeal was in good faith and, although she did not prevail on all asserted claims, there were reasonable grounds for

bringing the appeal. Wife was also justified in defending against husband's appeal and, in fact, has prevailed on her claim that the attorney's fee waiver does not apply to fees incurred in child custody litigation. Unless circumstances have changed considerably, husband, who stated he had a net annual income in excess of $1 million, apparently has the ability to pay wife's attorney's fees. The only factor remaining to be considered is wife's need for an award of appellate fees. If, as wife claims, payment of fees incurred in connection with the trial proceedings related to the instant custody dispute has rendered her unable to pay any additional fees, she may be able to demonstrate a need for appellate fees.

We thus shall remand the matter of wife's claim for appellate fees to the trial court, which is in a better position to receive evidence and evaluate wife's claim of need. (*In re Marriage of Davis, supra*, at p. 78.)

## DISPOSITION

For the foregoing reasons, the judgment is reversed insofar as it denies wife attorney's fees and costs under section 4370.5 based on her failure to establish her need for such an award. The cause is remanded to the trial court with directions to determine (1) what award, if any, wife is entitled to receive pursuant to section 4370.5; and (2) what award, if any, wife is entitled to receive for attorney's fees incurred in connection with her cross-appeal and her defending against husband's appeal. Husband shall also be permitted to seek fees under section 4370.5 if he claims wife's conduct entitles him to such an award. In all other respects, the judgment is affirmed.

Benson, J., and Peterson, J., concurred.

The petitions of all appellants for review by the Supreme Court were denied June 7, 1990.