[No. A059833. First Dist., Div. Five. Oct. 27, 1993.]

In re the Marriage of CAROLYN S. and JOHN G. DANIELS.
CAROLYN S. DANIELS, Appellant, v.
JOHN G. DANIELS, Respondent.

**COUNSEL**

Patricia Lee Culley for Appellant.

Richard L. Howard for Respondent.

## OPINION

**PETERSON, P. J.**—Appellant Carolyn S. Daniels contends the trial court wrongly ordered, under Civil Code section 4370.6, that she pay certain attorney fees incurred by her former husband in the amount of $3,700. The order to pay these fees, "in the nature of a sanction" under this section, was entered after Carolyn's counsel failed to return numerous phone calls from opposing counsel and wrongly caused a default judgment to be entered, without attempting to inform opposing counsel that she would seek such a judgment, or conferring with opposing counsel on the outstanding issues in this divorce case. As is explicitly allowed by the applicable law, the order imposed such fees, not on Carolyn's *counsel* for these derelictions in her professional capacity, but on Carolyn. On this record, there was no abuse of the trial court's discretion; the law now explicitly provides that a party or client may be ordered to pay fees in the nature of a sanction for the obstreperous actions of counsel. (See *In re Marriage of Green* (1992) 6 Cal.App.4th 584, 592 [7 Cal.Rptr.2d 872]; cf. *In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1422 [257 Cal.Rptr. 850].) The trial court's order recites the derelictions by Carolyn's counsel as the rationale for imposition of such sanctions, after consideration, inter alia, of counsel's argument that their imposition *on Carolyn* would impose an undue financial hardship on Carolyn. The trial court properly rejected that argument and ordered Carolyn to pay the sanctions. (See *In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 969-971 [22 Cal.Rptr.2d 537].)

### I. FACTS AND PROCEDURAL HISTORY

The facts relevant to the underlying action for dissolution of the 22-year marriage between Carolyn and John G. Daniels are not directly relevant to the issue raised in this appeal. In the course of the dissolution action, the trial court concluded the recited conduct of Patricia Lee Culley, the attorney for Carolyn, justified the imposition of sanctions because this conduct unjustifiably increased the costs of the proceedings to John.

Civil Code[1] sections 4370 and 4370.5 normally govern an award of fees to a party who needs them in order to prosecute a dissolution action. However, section 4370.6 provides, in relevant part, that "(a) Notwithstanding Sections 4370 and 4370.5, the court may base an award of attorneys' fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney fees and costs pursuant to

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Civil Code.

this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and abilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden upon the party against whom the sanction is imposed. In order to obtain an award under this section the party requesting an award of attorneys' fees and costs is not required to demonstrate any financial need for the award. [¶] . . . [¶] (c) An award of fees and costs as a sanction pursuant to this section shall be payable only from the property or income of the *party* against whom the sanction is imposed, *except that the award may be against the sanctioned party's share of the community property.*" (Italics added.)

The attorney's conduct in question here included the following actions. First, contrary to the policy of encouraging cooperation and the reduction of costs in dissolution litigation, the attorney either failed or refused to return numerous phone calls from John's first counsel, who was seeking to resolve the litigation. No satisfactory explanation for this failure to cooperate was ever offered.

Carolyn's attorney mailed a settlement proposal to opposing counsel, but it contained the wrong address and was not received. Three months later, after John's first counsel finally reached Carolyn's counsel by telephone, the proposal was mailed again. It is unclear whether John's first counsel ever saw this settlement proposal; she died three months later, and her file does not reflect that she had reviewed the proposal.

In the meantime, Carolyn's counsel sought and obtained the entry of a default against John. John did not learn of this entry of default until some months later. Carolyn's attorney never told John or his new counsel about the entry of default or the date of a subsequent uncontested hearing she scheduled on a judgment pursuant to the default, although she spoke with or had ample opportunity to speak with both of them after scheduling the hearing.

John and his new counsel learned of the default and sought to set it aside. Before doing so, John's counsel repeatedly sought to contact Carolyn's counsel by telephone, and addressed correspondence to her, stating that the entry and judgment were improper; he sought to have Carolyn's counsel stipulate to set aside the entry of default in order to save all parties time and money. He never received a specific response to his numerous phone calls; Carolyn's counsel did send him correspondence seeking to implement the default judgment and refusing to set it aside.

John's new counsel sought to set aside the entry of default, and the court granted the motion to set aside after determining the default had been entered improperly.[2]

The marital dissolution action subsequently settled, with the exception of the issue of attorney fees; John sought attorney fees as sanctions based upon violation of section 4370.6, alleging the conduct of Carolyn's counsel had increased the fees of the litigation by an amount in excess of $16,000.

The trial court granted the motion for sanctions in the amount of $3,700, specifying as one basis for its ruling the failure or refusal of Carolyn's counsel to return numerous phone calls seeking to discuss and resolve the matter. The trial court also denied a motion for a new trial, and awarded John fees of $350 for opposing the motion. The briefs of both parties agree that Carolyn, and not her counsel, was the party ordered to pay these attorney fees, even though it was the conduct of Carolyn's counsel which was the basis for the award of fees as sanctions under section 4370.6.

## II.  DISCUSSION

We agree that the trial court did not abuse its discretion in deciding to impose sanctions under section 4370.6 for the noncooperative conduct in issue here, which unjustifiably increased the costs of the litigation. "[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order . . . ." (*In re Marriage of Green, supra,* 6 Cal.App.4th at p. 589, internal quotation marks omitted, quoting *In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769 [209 Cal.Rptr. 354, 691 P.2d 1020].)

■    There is absolutely no showing here that the trial court's order was subject to reversal under the applicable standard. Viewed most favorably to the judgment below, and indeed objectively viewed, the record shows Carolyn's counsel engaged in obstreperous conduct which frustrated the policy of the law in favor of settlement, and caused the costs of the litigation to greatly increase. She did not return phone calls from John's first counsel; mailed correspondence to the wrong address; sought entry of default improperly; sought to unfairly capitalize on the untimely death of John's first counsel; did not inform John or his new counsel of her scheduling of an uncontested hearing seeking a judgment pursuant to the improper entry of

---

[2]The trial court explained that the default was improperly entered because, under then section 585.1 of the Code of Civil Procedure, proper notice was not given to John and his new attorney, after the death of his previous attorney. (Stats. 1990, ch. 207, § 2.)

default; did not return phone calls from John's new counsel seeking to discuss and resolve the case; refused to stipulate to set aside the improper entry of default; and opposed the motion to set aside without good reason. It is a sorry record of the sort which brings the legal profession into disrepute.

Carolyn's counsel's justification for her actions is that she was entitled to pursue Carolyn's interests by carrying out this course of conduct, seeking an apparently unfair advantage without regard to the policy of the law and the requirements imposed upon all counsel by section 4370.6, since Carolyn's interests were uppermost. We understand Carolyn was entitled to zealous representation, but the requirements of section 4370.6 also impose a minimum level of professionalism and cooperation in these circumstances, and the trial court's conclusion that section 4370.6 was violated here is amply supported by the record. (See *In re Marriage of Green, supra,* 6 Cal.App.4th at p. 592.)

■ There is another issue here, however. The record is clear that it was counsel, not Carolyn, who failed to return phone calls to opposing counsel, that it was counsel who improperly sought the default judgment and improperly failed to stipulate to set it aside, and that it was these overt actions which were recited in the trial court's order to justify the imposition of sanctions. The record does not explicitly indicate Carolyn's complicity in, direction of, or ratification of these overt actions of her counsel. In such situations, of course, the court may not be able to compel counsel to divulge communications had with the client to ascertain the involvement of the client, if any, in the sanctionable conduct because of the attorney-client privilege. (Evid. Code, § 954.) Still, it might at first blush seem strange to sanction a client solely for the actions of her obstreperous counsel.

The trial court may, however, under section 4370.6, impose fees as sanctions against an intransigent party for the party's own conduct, or for the conduct of an unprofessional counsel. (See *In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 5, fn. 2 [17 Cal.Rptr.2d 480].) Neither party on this appeal has attacked the propriety of the court's order imposing sanctions on Carolyn for the conduct of her attorney, but an explanation of the principles of law embodied in section 4370.6 and of its legislative history is nonetheless instructive.

Generally, an entitlement to an award of attorney fees in a family law action is governed by sections 4370 and 4370.5. Those sections allow an award of fees, shifting the legal costs of a dissolution from one party to another, typically based in whole or in part upon a showing of need. (See *In*

*re Marriage of Quay, supra,* 18 Cal.App.4th at p. 969.) In order to broaden the allowable scope of fee awards, and to allow such an award to be made regardless of need, section 4370.6 was added in 1990. Examination of the legal and historical background to this 1990 enactment illuminates the purpose of the new law.

Prior to 1985, it had been held that the court lacked power to award fees as sanctions in family law actions; the courts could only shift fees in response to a showing of need. (See *In re Marriage of Stephenson* (1984) 162 Cal.App.3d 1057, 1091 [209 Cal.Rptr. 383] ["Such an award must be based solely on the respective abilities of the parties to pay."].)

The Legislature quickly attempted to respond to this ruling. The following year, the Legislature enacted section 4370.5. (Stats. 1985, ch. 362, § 1, p. 1517.) As then enacted, it allowed the court to make a "just and reasonable" award of fees in family law actions, and provided: "(b) In determining what is just and reasonable under the circumstances, the court shall take into consideration both of the following: [¶] (1) The need for the award . . . . [¶] (2) The extent to which the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (*Ibid.*)

In 1987, Division Two of this district injected certain dicta into the case of *In re Marriage of Melone* (1987) 193 Cal.App.3d 757, 764-765 and footnote 6 [238 Cal.Rptr. 510] (*Melone*), implying that, under the law as it was then stated in section 4370.5, an award of fees in family law cases must still be based upon a showing of need; an award could not be made solely in the nature of a sanction, in favor of a party who was otherwise able to afford representation. The court also urged the Legislature to redraft the law in order to avoid this unfortunate result, which was described as "anomalous" and which was attributed to "legislative inadvertence." (193 Cal.App.3d at p. 765, fn. 6.)

The Legislature did not act immediately on the deficiencies which the *Melone* court perceived. However, other courts did not find the same deficiencies. In 1988, the Second District, in the case of *In re Marriage of Norton* (1988) 206 Cal.App.3d 53, 57-59 [253 Cal.Rptr. 354] (*Norton*), affirmed an award of fees as sanctions, citing *Melone, supra,* but without any discussion of a requirement that a party show a need for such an award (in

fact, the parties in *Norton* had roughly equal resources, as do the parties in the present appeal, so there could have been no pure showing of need).

After *Norton* created a seeming inconsistency with *Melone*, the Legislature again attempted to clarify the law, embodying the *Norton* interpretation by adding the following language to section 4370.5: "An award of attorney fees and costs pursuant to this paragraph is in the nature of a sanction." (Stats. 1989, ch. 1105, § 3, p. 3969.)

This amendment was then examined by Division Two of this court in the subsequent case of *In re Marriage of Joseph* (1990) 217 Cal.App.3d 1277, 1289-1290 [266 Cal.Rptr. 548]. Division Two found the amendment was intended to endorse the *Norton* rationale by allowing an award of fees without regard to need, but the *Joseph* court found the latest amendment also unclear: "We cannot say the statutory amendment clearly resolves the question of whether need must be shown to get an award under section 4370.5: in some ways the addition of the new language, juxtaposed with the existing language . . . , adds to the confusion we discussed in *Melone*." (217 Cal.App.3d at p. 1290.) The presently published opinion in *Joseph* is a decision made upon a granting of rehearing (p. 1289, fn. 11); the previous opinion in 1989 had adhered to the prior view stated in *Melone*, i.e., that a showing of need must still be made in every request for fees under section 4370.5.

The Legislature again attempted to clarify the law. In 1990, it created section 4370.6 as it presently exists, including the explicit statement that, "In order to obtain an award under this section the party requesting an award of attorneys' fees and costs is not required to demonstrate any financial need for the award." (Stats. 1990, ch. 893, § 2.) As so amended, the statute clearly allows an award of fees such as the one we see here, regardless of a showing of need. (See *In re Marriage of Hublou* (1991) 231 Cal.App.3d 956, 964 [282 Cal.Rptr. 695].)

We have not rehearsed the tortured history of section 4370.6 in order to deliver a treatise on the rocky course of its legislative and judicial evolution, but instead to show that this section remains a fee-shifting device which must be interpreted in light of sections 4370 and 4370.5, from which it arose. The successive amendments which spawned first section 4370.5 and then section 4370.6 apparently responded to specific judicial precedents, including at least one from Division Two of this court, which had prevented fee

shifting between the parties, except in cases of need. The Legislature fastened upon the concept of a fee award "in the nature of a sanction" as an intermediate step in its ultimately successful effort to adopt the *Norton* rationale and allow fee shifting in family law cases without regard to a showing of need. In doing so, the Legislature never deviated from its requirement that this fee shifting should occur as between the *parties* to the litigation, as section 4370 had always provided.

In short, section 4370.6 simply vested family law courts with an additional goad with which to enforce this state's public policy of promoting settlement of family law litigation, while reducing its costs through mutual cooperation of clients and their counsel. Thus, a party who individually, or by counsel, engages in conduct frustrating or obstructing the public policy is thereby exposed to liability for the adverse party's costs and attorney fees such conduct generates. However, section 4370.6 does not allow or contemplate an award against an attorney; attorneys are generally subject to sanctions under Code of Civil Procedure section 128.5, and the Legislature did not need to enact section 4370.6 in order to sanction attorneys. (See *In re Marriage of Quinlan, supra*, 209 Cal.App.3d at p. 1422.)

In *Quinlan*, this court (Division Five) recognized that sanctions could be imposed against an *attorney* under Code of Civil Procedure section 128.5; while sections 4370 and 4370.5, from which section 4370.6 derives, allowed a fee-shifting award against a *party*. (209 Cal.App.3d at p. 1422.) We there observed that dilatory or obstreperous conduct "deserves substantial sanctions whether against the attorney under Code of Civil Procedure section 128.5 or [against] the party as reasonable and necessary attorney fees under . . . section 4370 or as a sanction under . . . section 4370.5." (*Ibid.*) We recognized that section 4370.6 imposed duties upon counsel to cooperate in seeking to resolve litigation, but this is a duty which is enforced under section 4370.6 by means of a fee award against the party, not counsel. (See 209 Cal.App.3d at p. 1422.)

In the present case, the court was asked to award fees as a sanction against a party to the dissolution proceeding, under section 4370.6. It was not asked to award sanctions against the attorney for the party, even though such sanctions could have been sought.

Section 4370.6 explicitly makes parties liable for the obstreperous actions of their counsel, as the trial court's order did here. Therefore, we see no

abuse of discretion by the trial court in imposing a fee-shifting award upon a party for the actions of counsel. As between counsel and her client, of course, it would seem only fair that counsel bear the cost of the award occasioned by her conduct, unless that conduct was ordered, approved, or countenanced by the client. (See *In re Marriage of Quay, supra,* 18 Cal.App.4th at pp. 970-971 [An award against a party under section 4370.6 was appropriate where the party sought out counsel who would stonewall the litigation and run up fees.].) However, in making an award under section 4370.6, without regard to a showing of need, the trial court need not sort out the relative culpability of client or counsel. The trial court properly ordered payment of fees by a party here under section 4370.6.[3]

## III. DISPOSITION

The order awarding fees under section 4370.6 is affirmed. Carolyn shall pay John's costs on appeal.

King, J., concurred.

**HANING, J.**—I respectfully dissent. Sanctions were imposed against the wife in this dissolution proceeding in spite of the fact there is *no* evidence in the record that she *personally* engaged in any conduct that would subject her to sanctions. The conduct for which the sanctions were imposed was that of the wife's attorney, and there is also *no* evidence that the wife was aware of, let alone that she authorized, ratified or otherwise condoned, the conduct of her attorney that gave rise to the sanctions. The husband recognized this, since he did not seek sanctions based on the wife's conduct but grounded his

---

[3]We agree with much of what is said by our perceptive dissenting colleague. However, we cannot fault the trial court for not doing what it was not asked to do. No one argued in the trial court or on appeal that sanctions should be imposed against the attorney, instead of a fee award under section 4370.6 against the client. The parties assumed the applicability of section 4370.6 only, which applies to the client, not the attorney. Therefore, any error in not awarding sanctions against Carolyn's attorney, rather than a fee award against Carolyn herself, was waived. This issue was not raised at the sanctions hearing, where a factual record could have been made on the point sufficient to allow review. (See, e.g., *In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501-502 [257 Cal.Rptr. 397] (Per Anderson, P. J.).)

We also agree with our dissenting colleague that the fee award imposed here could, on the authority of Code of Civil Procedure section 128.5, have been ordered paid by the attorney whose conduct resulted in the award. However, the trial court's order in this instance is not unfair or in violation of due process. No evidence was presented or suggested below to negate Carolyn's authorization, ratification, or condonation of her attorney's conduct. Carolyn retained an attorney whose actions, within her apparent and possibly within her express authority, caused increased litigation expense to John. The parties to litigation ordinarily are bound by the actions of their retained attorneys when exercising their express or apparent authority, absent some very strong showing to the contrary. None was made here.

sanction motion on the conduct of the wife's attorney. To sanction a party to litigation under these circumstances is to impose liability without fault, and I am not certain this is what the Legislature intended.

One of the statute's stated purposes is to "encourag[e] cooperation between the parties and *attorneys*." (Civ. Code, § 4370.6, subd. (a), italics added.) It is difficult to understand how attorneys can be encouraged to cooperate if they cannot, as the majority opinion implies, be personally sanctioned for their conduct which may fall outside the scope of Code of Civil Procedure section 128.5. A problem in imposing liability without fault for conduct that amounts to procedural malfeasance is that the attorney, not the client, controls the conduct of the litigation. "The attorney's apparent authority covers all the ordinary procedural steps in the prosecution of a legal proceeding, such as pleadings, remedies, trial, etc., and his actions in these matters will bind the client." (1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, § 192, p. 220.) "The attorney is relatively free from control by the client in ordinary procedural matters" for two basic reasons: "(a) He is an independent contractor, pursuing a highly skilled independent calling, and is therefore not subject to control over the details of his performance. [Citations.] [¶] (b) He is an officer of the court, with a duty to follow the traditions and ethics of his profession even if this calls for overriding objections of his client." (1 Witkin, Cal. Procedure, *op. cit. supra*, § 193, p. 221.)

Although we expect attorneys to understand the settlement and cooperative litigation process, how is the client expected to know what procedural steps or legal maneuvers "further or frustrate the policy of the law?" I cannot affirm personal sanctions against the client for conduct of her attorney of which she was not only unaware but over which she had no control.

I do not read Civil Code section 4370.6, subdivision (c) as limiting sanctions to the innocent party and protecting the offending attorney. It also protects subsequent spouses from personal liability for sanctions in postdissolution proceedings. If the sanctionable conduct is committed solely by the attorney, but sanctions are imposed only against the client, the client has a right of indemnity against the attorney. Since the client can obtain indemnity from the attorney, I doubt that the Legislature envisioned a *separate* legal proceeding to resolve a matter that can be handled in a simple motion hearing. The fact is that the statute is inartfully phrased. For example, it provides that ". . . the court may base an award of attorneys' fees and costs on the extent to which the conduct of each party or attorney *furthers or frustrates* the policy of the law . . . ." (Italics added.) Does this mean that if

one party's conduct is deemed to have better "further[ed] . . . the policy of the law," that party is entitled to sanctions against the other? I think not, any more than it authorizes the court to impose sanctions against a party who "furthers . . . the policy of the law."

I would reverse for lack of substantial evidence of any wrongdoing by the client to support the sanction award.